FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

2022 OCT 13  PM 2: 20

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

SYED IBRAHIM HUSSAIN,[1]
SYED MUHAMMAD BAQIR HUSSAIN,
SYEDA SARA HUSSAIN[2],
BRIAN GUEX,
ROSELENE GUEX[3]

        Plaintiffs,

        v.

H. JAMES STADELMAN[4],
INTERVAL TITLE SERVICES, INC.,
JONATHAN BLOOM[5]
KHALID MUNEER,
JUPITER PROPERTIES, INC.[6],
JERRY LADELLE SESSIONS, II,
PRIME INTERNATIONAL PROPERTIES, LLC,
PRIME INTERNATIONAL PROPERTIES DUVAL, LLC,
PRIME INTERNATIONAL PROPERTIES CLAY, LLC,
FAMILY MEDICINE AND REHAB, INC.,
SYED SAJID HUSSAIN,

        Defendants.

Case No. 6:22-cv-1886-CEM-LHP

**JURY TRIAL DEMANDED**

## VERIFIED RICO COMPLAINT FOR RICO ESCALATION OF *FALSE CLAIMS ACT* RETALIATION

---

[1] Though filed without an attorney for injunctionary protections and affirmations able to surpass life and harm, at least one attorney is intended for person-individual and one on behalf of 1-2 corporate-individuals in Orlando wishing to join as to their portion of damages

[2] In recovery thanks to military help and was able to finally come forward; 17 medallions; *"America's Daughter"*

[3] Among the known crime witness-victims and the approximately 300 unknown victims, it is expected a few of the known victims will join Plaintiffs, with an affected Florida Company having noticed Plaintiffs of its intention to join in this Complaint upon acquiring an attorney.

[4] Limited to a *separable* breach-of-duty to the public as title agent, unless he produces *cause* to spread

[5] Limited to a *separable* breach-of-duty to the public as title agent, unless he produces *cause* to spread, Doing Business As (DBA) Law Offices of Jonathan Bloom, PA

[6] The discovery or actions of other enablers of Employer as maintaining that he be unlawfully drugged, that FMR unlawfully store for and drug others, or by obstructing restoration and rescue of the harms caused, or attempting to sustain or benefit from these actions, may elongate this list.

**Verified RICO Complaint**

SYED IBRAHIM HUSSAIN ("Mr. Ibrahim") and SYED MUHAMMAD BAQIR HUSSAIN ("Mr. Baqir"), with these two referred to as "Restorative Employees", *join* herein with SYEDA SARA HUSSAIN ("Ms. Sara"), BRIAN GUEX ("Mr. Brian"), and ROSELENE GUEX ("Ms. Roselene"), *Pro-Se*, and allege:

1. This action for RICO remedies authorized by federal statutes under 18 U.S.C. § 1961; for declaratory and injunctive relief; for actual, consequential, special and exemplary damages; and for all other relief which this Court deems just and proper under all circumstances which have occasioned this Complaint, almost all of which occurred in the vicinity of Orlando, Florida at 2401 Island Club Way, Orlando, FL 32822 and 3339 Deep Water Ct, Orlando, FL 32826. See 18 U.S.C. §§ 1964(a) and (c) ("Civil RICO").

   a. This cause of action involves a criminal enterprise that, throughout and upon victims and properties predominantly in Orlando and Orange County, engaged 1) in a pattern of *racketeering* activity, 2) involving *interstate* activity or *jurisdiction*, while causing, enabling, or aggravating several violations of federal law, and 3) with a conspiracy to engage in racketeering activity involving numerous predicate acts within the past four (4) calendar years, predominantly against victims and properties either in, or while in, Orlando, and occasionally in other areas of the District.

   b. The predicate acts alleged here include multiple and repeated violations of the laws under obstruction of justice, fraudulent concealment, fraudulent misrepresentation, perjury, obstruction and retaliation related to criminal and licensure-related investigations, obstruction of federal, state, and local law

**Verified RICO Complaint**

2

enforcement, real estate fraud, grand theft, mail fraud, wire fraud, computer fraud, identity theft, multiple types of anti-witness crimes, the plainly illegal sale of real property, the defrauding of the judiciary, the defrauding of the property appraiser's office, the defrauding of consumers, and the defrauding of the public.

c.  The primary objective of the racketeering enterprise that attacked properties and victims throughout Orlando, and otherwise endangered the district at large, has been to inflict severe and sustained economic and emotional hardship upon Plaintiffs, with the intent of impairing, obstructing, preventing, and discouraging Plaintiffs from their protected rights to relief, including communications with official parties, or in official proceedings, for the provision, investigation, or enforcement of such relief, as well as to the interests of justice, public concern, and public safety at large. It is with some *heroic* difficulty[7] that has even made this possible.

d.  Other RICO predicate acts, even when appearing as isolated, were part of the overall conspiracy and pattern of racketeering activity alleged herein, e.g. the violation of federal and state laws involving trademark infringement, deprivation of fundamental rights, conspiracy to deprive fundamental rights, obstruction of criminal investigations, and enabling violations of section 102 of the Controlled Substances Act to continue, as well as the state laws that guide the methods of conforming to it. The injuries and need for injunctions are solely what predominate upon these offenses for remedy by this Court and the venue in which the majority of those harms took place by several actors, with the *relevance* of underlying offenses, when resulting in injuries or damages or requiring injunction, is for

---

[7] Following numerous attempts, hurdles, threats of homelessness, death, and worse, including standoffs with corrupt individuals and marshal shielding

**Verified RICO Complaint**

establishing them, at minimum, among those offenses and events that are *predicate* to RICO.

2. This Action is further brought for equitable relief, monetary damages, and protective or corrective injunctions, for injuries and damages caused by violations of federal and state criminal statutes, including 1) witness tampering, 2) evidence tampering, 3) reporting-related retaliations, 4) abuse of the elderly by Defendants other than Syed Sajid Hussain ("Employer"), 5) non-physical abuse of a child resulting in mental injury (when Mr. Baqir was still a child *during* that event), 6) widespread multi-party aggravated identity theft and attacks on Mr. Baqir's school and life in Orlando and Orange County as well as his virtual school under Florida, 6) real estate fraud involving 4 courts, 2 in Orlando, plus a separate grand theft also in Orlando, 7) fraudulent concealment in just about any display before a Court or where harm can be carried out, 8) fraudulent misrepresentation, 9) perjury, 10) witness retaliation, and inclusive of relief as crime witness-victims under Marsy's law and otherwise.

3. This Action is likewise brought for equitable relief and monetary damages, along with protective and corrective injunctions, for injuries and damages directly arising from gross negligence, negligence, or intentional violation, inclusive of 1) multiple repeated, widespread, and continuous violations of the Controlled Substances Act, as per 21 U.S.C. § 841-843, 2) laws governing the Obstruction of Justice, specifically as against witnesses, evidence, testimony, or judiciary process, and as under 18 U.S.C. § Chapter 73. It is also for personal injuries and damages caused upon Plaintiffs *by way of* violating the state law equivalents thereof, when encompassing the same period and parties, with period, parties, and attacks

**Verified RICO Complaint**

predominating in Orlando or Orange County and with remedies for Defendants' even more preferred area of the criminal actions therein and those requiring reversal or safeguards, having been, mainly carried out on 2 properties, a county court in Orlando, 2 fradulent sales and closing all the while being carried out by the Defendants in Orlando, in addition to at the Property Appraiser's Office, and in violation of the law and otherwise, which regardless of where the companies might receive some mail, the predominance of the crimes against victims, at least as far as was favored by the RICO enterprise was to **fully bombard Orlando and all of Orange County.**

4. This Action is *further* brought, as to Restorative Employees enduring 16 months of unlawful retaliation thru attacks on their interests, especially by carrying such attacks out on Orlando and Orange County, and for equitable relief and monetary damages, along with protective and corrective injunctions, for retaliations prohibited by the False Claims Act, 31 U.S.C. § 3730h.

5. This Action further seeks

   a. equitable relief of unjust enrichment and

   b. specific performance of a considered verbal agreement ("Agreement") under the "but-for" standards related to the above.

6. Where state law is guiding, it is used under 28 U.S.C. § 1652.

## JURISDICTION AND VENUE – Subject Matter

7. This district is where a substantial part of the events or omissions giving rise to the causes of action herein occurred.

**Verified RICO Complaint**

8.  This venue is where the majority of attacks by Defendants were carried out and where the majority of witness and victims and one of the courts involved, as well as a governmental office, and 2 properties, if not attacks on the city *entirely*, occurred following the period for which unlawful retaliation began and for the predominant duration of that period, extending to both causative and effectuated entities, almost all in Orlando and Orange County and the suburban areas nearby.

9.  This Court has original subject-matter jurisdiction pursuant to 18 U.S.C. § 1964(c) and 28 U.S.C. § 1331 because this action arises and encompasses under the Federal Racketeering Influenced and Corrupt Organizations Act ("Federal RICO"), as to Orlando and Orange County-based crimes, frauds, and activites, along with, in brief periods or bursts throughout, other areas of the District, if not the State as well, and most of all in violation of federal laws, but nonetheless *while* violating many state ones.

10. This Court likewise has jurisdiction of the action under 31 U.S.C. § 3730h(2) and 28 U.S.C. § 1331 given the migratory and eliminatory nature brought about by an increasing number of parties trying to eliminate, hamper, and harm witness-victims, regardless of orders, letters, notices, law, and *quite likely* even if this Court was to issue any kind of order upon them, given the heinous, aggravated, hampering, and silencing nature of *some* of the acts[8].

11. Venue is likewise proper and inclusive for full resolution of parties in the period, and to the protection against tangential acts of this Court, and thus includes 31 U.S.C. §

---

[8] Likewise in manner *eliminatory* by its 2nd definition, in that unable to present

**Verified RICO Complaint**

3730h(2) and 28 U.S.C. § 1391(b) reserved and preserved implications by way of the *False Claims Act* retaliation cause of action, which is 1 of the 51 herein.

12. This Orlando federal Court has jurisdiction and venue likewise over Restorative Employees', as well as all Plaintiffs, or those that may add, if in time, the related state and common law claims pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367, regardless of when or how that they may be resolved in this proceeding alone and not by way of chaos, tangential filings, SLAPP suits, or any other way to subvert the authority by which the above, once initiated, preserve and protect this Court's jurisdiction and venue over all such affairs, for if not it would be at the expense of the laws and rights federally provided and thus encompassing all those below without fail or doubt.

### Defendants (herein, the "RICO enterprise")

13. Jonathan Bloom ("Mr. Bloom") is a Florida licensed attorney, Bar#75231, conducting business, for the sake of this Complaint, as a title agent in the State of Florida by way of being an attorney, and dba **"Law Offices of Jonathan Bloom, PA" per the stamp on the fraudulent warranty deed on 2401 Island Club Way, Orlando, FL 32822, as well as reflected at the Orange County Property Appraiser's office, with him possibly dba "Bloom & Freeling"** as well, per the Florida Bar lookup.

14. Prime International Properties, LLC ("Prime Global"), is a corporate individual organized and existing under the laws of the State of Florida, **conducting business throughout Orlando, Florida**, as well as the rest of the state, while originally employing Mr. Ibrahim and Mr. Baqir before unlawful retaliation in the form of their termination for refusal to violate the *False Claims Act* as well as refusal to enable the

**Verified RICO Complaint**

continuation of increasing-severity and felonious violation of the Controlled Substances Act, led to immediate harms and retaliations inclusive of rights and assets being attacked, became increasingly more present, **until fully *predominant*, by way of the individuals and properties in Orlando.**

15. Prime International Properties Duval, LLC ("Prime Duval")'s last known act of **business was the staging of numerous attacks on residents and property of 2401 Island Club Way, Orlando, FL 32822**, along with the ***"protected"* victims**, which simultaneously attacking property in Orange Park, Florida, is a corporate individual organized and existing under the laws of the State of Florida, under the behest and orders given to it, by the illegally acquired *dys*-authentic persona of Employer

16. Prime International Properties Clay, LLC ("Prime Clay"), is a corporate individual organized and existing under the laws of the State of Florida, which **staged attacks and grand theft on the property of 3339 Deep Water Ct., Orlando, FL 32826** defrauding buyers and harming Plaintiffs' interests thereof both *illegally* and immensely, as to injury and damages, and the urgent need of injunctions to prevent yet more and continuing *irreparable* loss and harm, as well as that which is otherwise *still* repairable.

17. Jerry Ladelle Sessions, II, ("Mr. Sessions") is conducting business in the State of Florida, as an attorney licensed by the Florida Bar under Bar#848735, throughout Florida, with special attention to his actions and involvement in **multiple attacks throughout Florida, predominating in Orlando and Orange County,** with the exception of **the 2 acts of terror via fraudulent concealment and fraud on the**

**Verified RICO Complaint**

Court leading to the "**Christmas attacks**" **on all of Florida, the OIG-HHS, 15,000 patients, evidence, witnesses, victims, resulting in a standoff for which nearly 180,000 people would have died, and witnesses were multi-PTSD paralyzed, eliminating[9] Ms. Sara, with 85% paralysis of Mr. Baqir, and initially 85% (currently 50%) paralysis (PTSD multi-layered paralysis) of Mr. Ibrahim; just now recovering after a plethora of *added fraud* and losses in the interim; all of which were in violation of citable laws and very *plain* documents and *numerous* witnesses (13 internal; 230 external; 18 third-party, 5,000 at-large or eliminated).** This is after the <u>first federal courthouse attack in Jacksonville</u> and <u>2 courthouse attacks thereafter</u>, *plain* in the counts below[10], with no notable HSM (high sensitivity material) in which Mr. Ibrahim, Mr. Baqir, and Ms. Sara have been trained, although none of which are attorneys, but all *sui juris* with anticipation thereof, of what attorneys may be brave enough to try to understand such a complicated situation; at least in Florida, even though several from other states need *voir dire*. As we are just now recovered or recovering (Mr. Ibrahim 30-50%, Mr. Baqir 40-65%, Ms. Sara – unknown but 50-70% following her *miraculous* recovery[11]).

18. Khalid Muneer is conducting business in the State of Florida, under the rank of Broker, operating under four active licenses, license numbers BK3553038,

---

[9] If not for military intervention; **Trauma One**, from which she is *finally* recovering; thanks here to the US Marshals, a Chief Warrant Officer at the ----- ---- (non-material), for which she was quickly rushed to --------- Orlando by help also of the U.S. Air Force in the largest healthcare related violent standoff in American history.

[10] Nearly all the counts herein are provable by original, certified exhibits of 1-10 pages; submitted separately, are either 1) incontrovertible, 2) plain, 3) prima facie, or 4) are sworn producible in 48 hours in the presence of attorney or judge and meet **Fed. R. of Evid. 902**

[11] Following a corrupt incident in Florida involving a rogue DOH individual, a corrupt DEA agent, a firefight in the DEA, the Florida IG attempting to assist, before FBI public corruption took over and we were all knocked out...all of which will be in 2 separate cases before this Court, likely for relevance, and under FRCA/FTCA rules respectively.

**Verified RICO Complaint**

BK3236671, BK668221, and BK3262978, all under his name and listing the same main address for him of 3 Village Lane, Palm Coast, FL 32164.

19. Jupiter Properties, Inc. is a Florida real estate corporation operating under real estate license number CQ1014705 and having a principal place of business of 3 Village Lane, Palm Coast, FL 32164.

20. H. James Stadelman ("Mr. James") resides in the State of Florida at 810 Juanita Rael and is the founder, controlling shareholder, and registered agent of Interval Title Services, Inc., and shows on the stamp for the fraudulent warranty deed of 3339 Deep Water Ct., Orlando, FL 32826.

21. Interval Title Services, Inc. ("Interval") is a Florida licensed title agency and corporation operating under License number A127963 and having a principal place of busi Prime, Prime Duval, Prime Clay, MMS, UPS, FMR, and Employer shall, when collectively, be referred to as "Rescued Entities", to make the relevant entities herein that are party to the contract between Employer and Restorative Employees clear, in so much as it provides relevance. ness at 604 Courtland St., Suite 131, **Orlando, FL 32804.**

22. Family Medicine and Rehab, Inc., ("FMR") is a Florida corporation having a principal place of business at 7685-1 103rd St., Jacksonville, FL 32210. It committed the largest multi-felony openly illegal Controlled Substance Ring endorsed by corrupt public officials, in order to illegally drug Mr. Ibrahim's dad *completely[12]* in form of

---

[12] 3 months at a time using the most dangerous form of a substance of an already-abused substance leading to 3,000 incidents of stroke risk in him and 300 other patients in open view, in open reports, in the most corrupt Department of Health in history – I cannot disclose the shutdown date and the most corrupt DEA jax-Washington and FBI-DEA standoff because FBI were conflicted between washington order, ag order, red code and the risk of taking out DEA in Jax completely. It is now the most advanced form of abusing an elderly individual to drain his

**Verified RICO Complaint**

*open code* in history, which a DEA firefight and a DOH IG *could not resolve*[13] and **led to *everything* that came after throughout Orlando and Orange County,** even after 358 warnings from 17 sources cited to how an open code was continuing to happen in broad daylight; since then, 155 patients there died because of 2 individuals in government, who were the reason for the triple-whistleblower end of DEA and SAMHSA as false organizations resulting in partial shutdowns between 30-100% for a week, but came back as a "crucial" government organization, and still never stopped the open code, with the AG order in my hand, then 2 other hands, and now the military that was sent to the rogue agent and available to the DOH fell on deaf years. After wondering what was going on with the elderly, a recent bill and one before it passed to try to protect them, which is progress, but still could not fix this.

23. Syed Sajid Hussain ("Employer") resides in the State of Florida at 5115 Ortega Farms Blvd., Jacksonville, FL 32210 and is the founder, controlling shareholder, and registered agent of the companies above, who, in combination by improper advantages and interferences by corrupt officials, enablers, and the parties herein managed to use the companies to carry out these crimes within the Orlando perimeter and overpowering and **compromising Orlando, Orange County, and**

---

finances and inflict terror on any who might try to save him – John Hopkins/Mayo/Mr. Ibrahim research project – leads. They ignored every probable cause law there was to just do an Rx history on him or check for the beginning of diuretics. This is done in athlete's organizations and ant-exogenous-test-epidemic-in-the-elderly (the 2nd largest after fentanyl) following 12,500 induced deaths and catastrophes worldwide. When a man who I will only call "Mr. Guzman" came and hugged me after the firefight; a man who's spent 30 years creating the DEA in Washington, regulating it, presenting on it, whispered in my ear "Ur right. Just these dam pharmaceutical companies have so much money...but sometimes we win. Keep doing the research you do and bringing these things to the spotlight."
[13] Due to Marsy's law, intelligence is direct, so they can't start resolution without our clearance or notification, or all individuals involved (agents/etc.) become subject to immediate arrest. They can't even enter without the red forms with us, which we still have and now the military does. The red forms if necessary will become part of the exhibits of this Court.

**Verified RICO Complaint**

**Florida security**, to the point only US Marshals and military involvement could bring about *some* recovery. Such would be run by these RICO person-individuals in manner of using the corporate-individuals to carry out **RICO crimes that would invade Orlando** since Clay County and Jacksonville were very quickly overpowered until the naval help and installments, and some fresh internal changes and perimeter intelligence, and some kind of wait or time Florida wanted for something[14] when not solely in his personal capacity, but nearly always as one person intending to carry out harm thru them, and then the rest being in some way **enablers of that harm, throughout Orlando and Orange County,** after many a harm was endured.

## JURISDICTION AND VENUE – Personal

24. This Court has personal jurisdiction over Employer for several reasons.

   a. Employer caused personal injuries and damages on Plaintiffs by violating the Controlled Substances Act, a set of federal laws.

   b. Employer and Prime, in June 2021, began carrying out retaliations against Plaintiffs for refusing to violate the *False Claims Act* ("FCA"). These retaliations caused injuries and damages prohibited by 31 U.S.C. 3730(h), a federal statute. After certain crimes were made *plain* to Plaintiffs in July 2021, and in spite of providing *mens rhea* of being crime-witness victims, Employer escalated his activities to

---

[14] Something "good" apparently and so the time is being given. Even I have no idea but it involved some clearance and sealing to fulfill the new Marsy's law, so I didn't object. They then said they were waiting on Orlando to stop doing something, to reverse things, and whatever else, which cannot be confirmed. It was part of delays because an organization on one side and then one from Texas on the other and possibly the FL Bar were fighting over which side should help me when my daughter became *"America's Daughter"* and I received the backing of the entire US military. Then something about making me the "poster boy" of Florida, after an endorsement, and then a liberty thing from where I didn't expect it to come from, so it was strange, & I didn't want to throw my support on any *side* of that yet. I was only concerned with saving my dad. They started doing a lot more to repair families and elderly too; and take more sensible stance on some laws; hopefully before this goes from a rescue and $120 million to the 2 Last Stand protectors case and not to an $800 million wrongful death one that will finish most of the DEA and SAMHSA, though the director position of SAMHSA was briefly offered before *another attack.*

**Verified RICO Complaint**

include violations of federal obstruction-of-justice laws, along with other federal laws, and in manner of a RICO enterprise. Collectively this formed the Global Rights Violating Scheme ("GRV Scheme")

25. This Court has personal jurisdiction over Prime Global because it was used by Employer to terminate[15] Restorative Employees, in violation of 31 U.S.C. 3730(h) a federal statute.

26. This Court has personal jurisdiction over Prime Duval as Prime Duval was used as part of a RICO enterprise to carry out irreparable harm, in continuation of the already federal 31 U.S.C. 3730(h), federal obstruction-of-justice offenses, and likewise in principally attempting to harm Restorative Employees, while directly or proximately harming Plaintiffs as a whole. Moreover, the methods use did not merely further these offenses, but included fraudulent misrepresentation, fraud-on-the-Court, perjury, and eventually even an unlawful real estate transaction in violation of federal law, and in manner involving consumer fraud; all part of Prime Duval's role in its attack on Plaintiffs' property rights, constitutional rights as to due process, 31 U.S.C. 3730(h), on the ability for a federal court to "make whole", as well as retaliation "protections" for protected acts, in addition to their crime witness-victim rights, inclusive of Prime Duval's act of irreparable harm by the unlawful removal of Mr. Baqir, Ms. Sara, and Musarrat Batool ("Ms. Batool"; their mother) from what to them was their *home* of six years and not merely one of many properties. Likewise Prime Duval was and is currently involved in a federal RICO attack on Restorative Employees, unless the Court injunct or move for an Order, both violating the federal laws above and including

---

[15] By a *forcibly* constructive discharge; on a day where the *only* options remaining were to assist in violating the *False Claims Act*, and thus be criminally liable for doing so, or to *leave*.

**Verified RICO Complaint**

13

the horrible December and January acts orchestrated principally by Mr. Sessions, thru Prime Duval, which put Mr. Ibrahim under duress of having to damage his good credit as the only means to save approximately 10 *known* crime-witness victims, approximately 300 of over 15,000 patients, the interests of justice, and the interests and faith of the public in the protections claimed to be afforded by law, to the point of having to ward off, at least two acts of terror, and with a door marshalled for two weeks.

27. The Court has personal jurisdiction over Prime Clay as Prime Clay assisted in the continuation of the RICO enterprise's violation of 31 U.S.C. 3730(h), first (with 5th and 14th) Amendment rights, damages sustained by means of continuing the federal controlled substance offenses, and likewise in manner of obstruction-of-justice (OOJ) offenses against crime witness-victims and judiciary process; in this case used, in classic federal RICO form (individual=>company=>property) for attacks on Restorative Employees; and in this case the most *plainly* illegal form of grand theft of real property via numerous acts of fraud; endangering my possession thereon and likewise committing a sale that cannot go through without the signature and approval of Mr. Ibrahim, along with the defrauding of the buyers in such transaction. This took place in the multi-felony grand theft and jeopardy of 3339 Deep Water Ct, Orlando, FL 32826 some time in February or March of this year with the *actual* date of sale, regardless of the *recorded* date of sale, still *unclear*.

28. This Court has personal jurisdiction over FMR because FMR was the corporate-individual utilized in violating the *Controlled Substance Act*, a set of federal laws governing the distribution, production, and storage for distribution. Mr. Ibrahim and Mr.

**Verified RICO Complaint**

14

Baqir hold, from their most intimate experiences with nearly every act or wish of Employer, that if not for the act by FMR that drugged Employer illegally (and *vice versa*, in that Employer likewise used FMR to have himself be drugged illegally), and likewise that it was nonetheless the means of violating numerous controlled substance laws *repeatedly* in manner that thus sustained the unauthentic, and illegally acquired, persona of Employer, and likewise harmed many unknown members of the public, the great plethora of harm that followed and is still endangering Mr. Ibrahim's home, and likewise his property claim to 2339 Glenfinnan Drive, Orange Park, FL 32073, by an act just over a month ago, in violation of multiple laws.

29. The Court has personal jurisdiction over Mr. Sessions because following the last withdrawal of attorneys carrying out crimes on Employer's behalf, and thru the use of Employer's companies, and the related properties upon which he could thus exert control and cause harm, Mr. Sessions, in even more *mens rhea* of the facts that bar him, from the guidelines of his own license, for the actions he was about to take, he in October and November of 2021, begins violating federal and state laws, aggressively and thus worsening the federal retaliation and damages and injuries *already* taking place, in manner that with conspiracy, aiding and abetting, and the assistance of the other Defendants, or with the knowledge, acceptance, or urging thereof he carries out acts of irreparable harm, puts Employer's health likewise back into jeopardy, and not merely as an affront to the broad bounds of his license, and their regulations, but in manner violating civil and criminal laws, plainly and repeatedly, almost as though a presumption by favor of him being an attorney existed, whereas *plainly* not in manner of violating law and the guidelines of his license in doing so, which is precisely what

**Verified RICO Complaint**

Plaintiffs allege he did, and thus is liable for what, by such violations, he managed to carry out upon Plaintiffs.

30. The Court has personal jurisdiction over Mr. Muneer as his role contributed to the injuries and damages of Plaintiffs, as part of the GRV scheme, in manner of carrying out consumer fraud and federal crimes against Plaintiffs, despite *mens rhea*, and despite doing so under the guise of license, yet in violation of its tenets.

31. The Court has personal jurisdiction over Jupiter as this corporate-individual was utilized by Mr. Muneer to carry out illegal property transactions against individuals protected by multiple federal laws, and likewise in violation of federal laws both as against those individuals, and as pertain to fraud, consumer fraud, and violations of one's property rights without due process of law.

32. The Court has personal jurisdiction over H. James Stadelman for him failing in his duty as registered agent and controlling shareholder of insuring that Interval not fail in its duty to confirm that valid claims or encumbrances on title do not exist, thus enabling the GRV scheme by the RICO enterprise, as to the property at 3339 Deep Water Ct., Orlando, FL 32826.

33. The Court has personal jurisdiction over Interval because it is the title agency tasked with the duty of confirming that valid claims or encumbrances upon the title of the property do not exist. By failing in this task, this otherwise necessary check against abuses of process, power, and property enabled the GRV scheme to consummate a wholesale consumer fraud, fraudulent deed, and grand theft of 3339 Deep Water Ct., Orlando, FL 32826.

**Verified RICO Complaint**

34. The Court has personal jurisdiction over Mr. Bloom because he is the title ensuring or insuring entity by way of being a licensed Florida attorney who stamped his approval for the consumer fraud and fraudulent deed, as well as failing in his duty to ensure or insure that the property at 2401 Island Club Way, Orlando, FL 32822 was not under encumbrance or claim; whereas, in fact, the federal claim, remaining valid, was for the entire property, and thus the GRV scheme of causing irreparable harm by the removal of Plaintiffs and Mr. Baqir's mother from this home was enabled, whereas had he done his duty, regardless of the assurances of the Seller or of the Real Estate Agent, it would have prevented this harmful act from occurring.

**Factual Allegations as to:**

**Background**

35. Mr. Ibrahim worked for Employer from October 2018 to about June 15, 2021, as a top-ranked, full-time, and executive-fiduciary employee, with the first half of such period compensated by MMS, and the second half of such period compensated by Prime Global.

36. Employer was on the verge of bankruptcy prior to hiring Mr. Ibrahim.

37. Employer's Agreement proposed benefits to offset what Mr. Ibrahim would be sacrificing.

38. Such Agreement included that Mr. Ibrahim would

    a.  restore specific businesses and properties,

    b.  arrange for their sale,

    c.  adjust Employer's will to Islamic guidelines,

**Verified RICO Complaint**

   d.  prepare the funding of his retirement plan in line with CFP (Certified Financial Planner) guidelines, and in return that

   e.  Mr. Ibrahim would take over the businesses and properties that remained, along with the portions of joint ventures not contributory to Employer's desired retirement, by Mr. Ibrahim owning the remainder of Employer's estate outright, in the living, and aside from the equity and assets that were part of the retirement plan,

   f.  with such other relative(s), if having stayed to assist, getting portion commensurate with their assistance; the only other one having stayed loyal and fully effective in this endeavor to the very end[16] being the other employee, Mr. Baqir.

39. To this end, Employer had MMS, Prime, and other entities,

   a.  pay for Mr. Ibrahim's training towards becoming

     i.  Certified Financial Planner

     ii.  Registered Investment Advisor, and

     iii.  Accounting Technology Manager

   b.  cover non-rent expenditures of $5,000 to $10,000 a month,

   c.  waive rent for and have Mr. Ibrahim, his children, and their mom occupy, the homes set to be transferred to Mr. Ibrahim, inclusive of:

     i.  2339 Glenfinnan Drive, Orange Park, FL 32073

     ii.  2401 Island Club Way, Orlando, FL 32822, and

---

[16] The word "end" here refers to the so-long-as-legal period; until the *protected acts* of refusing illegality could no longer be "stalled" in the hopes of persuading Employer otherwise & at which point they would otherwise be required to conspire in the crimes and unlawful acts, if to maintain employment.

**Verified RICO Complaint**

    iii.  3339 Deep Water Ct, Orlando, FL 32826,

        with the latter transferred in part.

40. While Mr. Ibrahim had prior, and efficiently, in 1999 to 2001, managed, the much smaller task, of Employer's medical practice, he was paid a salary of about $250,000 annually, with gross revenues of about $1.2 million.

41. Under the Agreement, and in view of what it promised, Mr. Ibrahim converted a near-bankrupt estate into about $30,000,000 of net worth, in about two years.

### The Controlled Substances Act

42. Such would exceed $80,000,000 if not for Employer's, later-discovered-to-be-illegal, abuse[17] of a Schedule III controlled substance.

43. The effects of this substance abuse worked to run off Waseem H. Syed ("Mr. Waseem"), paternal half-brother, of Mr. Ibrahim, among others, who was being very helpful to what would likewise have been a far greater financial benefit to Employer, and likewise Mr. Ibrahim, as well as the additional financial services business that Mr. Ibrahim envisioned them starting together, if not for the harms and emotional abuses caused upon Mr. Waseem by Employer's new aggressively unauthentic[18] and harmful persona.

44. From April 2020 is when Employer begins abusing a form of testosterone, which could not be self-regulated.

45. Employer's kidneys and liver begin to fail, which Mr. Ibrahim stabilizes.

---

[17] With the "abuse" here referring to the fact that the methods of acquiring, distributing, and administering were *plainly* in violation of law

[18] Prima facie; a persona acquired thru illegal substance abuse that is of a *catastrophic* duration exceeding those of alcohol, benzodiazepines, and barbiturates and thus able to *sustain* the alterations (in this case, *3 months* at a time)

**Verified RICO Complaint**

46. Mr. Ibrahim's recovery, from a long-ago battle with the same, and other, prescribed drugs, alerted him to the changes about to occur. However, these would not be noticed by others until <u>much later</u>, very few of which and only to the extent they were assisting Mr. Ibrahim were as exposed to the wishes and authentic persona of Employer, or committed *Last Stand*[19] actions; the latter only committed by Mr. Ibrahim and Mr. Baqir, with all other individuals in his vicinity, by default, becoming Enablers[20].

47. Following the commencement of Employer's illegal form of drug abuse in April 2020, Restorative Employees had to start working apart from Employer in order to be of help to him.

48. Restorative Employees learned of the illegality surrounding Employer's drug use only after his termination.

49. Mr. Ibrahim and two other, later-enabling individuals, staged an intervention, in about April 2021. They expressed that Employer's drug use led to

   a. a rift from his authentic personality, approachability, and listening skills, and

   b. behaviors resulting in theft and threats, to him and his family, with

   c. the understanding Employer would quit the drug and recklessness involved.

50. In April or May 2021, Employer overdoses 350%.

### The *False Claims Act*

---

[19] Actions of unwavering loyalty to save or recuperate a loved one from illegal or highly dangerous activity prior to an Enabler Paradigm, in which *if to still do so* and likewise protect themselves, their actions must, by every legal manner possible, rescue the loved one from all forms of enablement, when the underlying action is so *plainly* illegal for which physical and incontrovertible evidence is *demonstrable*. (SAMHSA; DEA guidelines; FDA; NRDAP; RDAP)

[20] Both of crimes and the substance abuse; likewise in this case *elderly abuse* as well; with these two latter abuses *plainly* enabled by *silent presence* for the sake of preserving a financial benefit

**Verified RICO Complaint**

51. Mr. Ibrahim had just got done assisting the sale of Superior Clinical Labs, LLC.

52. Employer diverts from the Agreement's next steps and asks Mr. Ibrahim to have the buyer rent empty spaces in two buildings. Mr. Ibrahim had a broker on standby to get them filled promptly.

53. In weeks prior to termination, Employer continually insists on illegal leases. Mr. Ibrahim tries to explain the illegality. Employer insists, "just do it the way I'm telling you". Mr. Ibrahim refuses and Employer leaves. As Employer's leaving, he mumbles "okay...I'll just sell the Orlando house."

54. On about June 15, 2021, Plaintiffs had a final meeting with the prospective tenant. They confirmed that proceeding with the leases demanded would end up violating the *False Claims Act*.

### Violations of FCA Retaliation, OOJ laws, witness-victim rights, free speech, and due process

55. After the meeting, Mr. Baqir confirms that Employer had already begun retaliating by,

   a. putting up for sale, via <u>Prime Clay</u>, the home at 3339 Deep Water Ct., Orlando, FL 32826, which was

   b. otherwise promised to Mr. Ibrahim,

   c. already partially transferred,

   d. being used to visit his children when he would go to Orlando, and

   e. at which he was already living temporarily.

56. Employer, by,

   a. retaliatory act upon "stalling" to violate law,

**Verified RICO Complaint**

b. in combination with the harmful demand that Mr. Baqir now "assist" a potential kickback suddenly "hired" to handle the Employer's personal affairs,

c. worked to bar the hope of persuasion and the time to entertain it,

d. since the consistent refusal of Plaintiffs to approve and pursue leases they suspected to be illegal, following a presumptively illegal request (#28 above)

e. that had now, by meeting, been confirmed illegal,

f. they were left with no choice but to leave their place of employment or join in the proposed crime.

   As such, Plaintiffs were constructively discharged by force.

57. By such wrongful termination, Mr. Ibrahim also loses,

a. a $5 million opportunity he was days from securing on 5115 Ortega Farm Blvd., Jacksonville, FL 32210 **before a drive to Orlando** to see his mom, stepdad, brother, sister, and both of his children, Mr. Baqir and Ms. Sara.

b. $6 million he was about to close on an assisted living facility **before Orlando**

c. the benefit of any and all actions set to occur prior to Employer's retirement at beachhouse-15M-CFP-plan-contract, plus LifeIns, with Mr. Baqir and Mr. Ibrahim getting the takeover of operations and ownership for their loyal service, thru rain and shine, prior to the expansion project planned for Orlando, the one in Dubai, and Saudi Arabia, as well as taking over shares in the joint venture for $5-6 billion within the next 20 years. With Employer scaring off our hedge fund manager on another illegal overdose, who was also my brother, and future financial partner, he lost $50 million, and I lost $600 billion, but this portion is prospective and due to the impact on myself, who had tried so hard to save him,

**Verified RICO Complaint**

22

only for him to be cursed at with his sister by their father on new illegal drugs at 70 years old; method illegal; place illegal; distribution illegal; possession illegal; diuretic history illegal; never one search warrant or raid to save his life or anyone elses; the "raids" were yet to come[21], but on us and everything we built and tried to salvage.

58. In the same day we're informed that Employer has put up for sale, via Prime Duval, 2401 Island Club Way, Orlando, FL, 32822, another home promised to Mr. Ibrahim, inevitably set to go to him, and never with such fact being under any prior threat, and with such threatening the irreparable harm of Mr. Baqir, at which it is his and his sister's home, in which they live, when with their mother, and likewise retaliated against them as well, for a basis under which no adversarial action can be allowed to proceed.

59. Plaintiffs even then communicate to Employer that they could continue work if,

a. he gets treatment for his drug abuse ("abuse", only by way of illegality)

b. refuses to commit *False Claims Act* violations.

    One was by text from Mr. Ibrahim and the other was by email of Mr. Baqir.

### Multi-victim Identity Theft; Non-physical Child Abuse

60. Employer's response to Mr. Baqir, then age 17, was to

a. steal Mr. Baqir's email address,

b. inflict nonphysical child abuse, *resulting in mental injury,* and

c. place Mr. Baqir, who is Mr. Ibrahim's son, into shock and depression, from which he has not recovered.

---

[21] Instead on our family but we thank the military and marshals and CWO navy

**Verified RICO Complaint**

61. In fear that Plaintiffs' main home at 2339 Glenfinnan Drive, Orange Park, FL 32073 might be next, Plaintiffs send letter informing Employer

  a. to cease all retaliation,

  b. that they have begun informing authorities

### Compounded Willful Negligence by Third Parties[22]

62. Mr. Ibrahim contacts the Florida's DOH. Neglect and delays by an individual there compound to make matters worse by,

  a. using wrong timing, test, and method,

  b. neglecting readily available evidence,

  c. in manner that obstructs justice so severely,

  d. so as to give Employer the fatally harmful idea that he is now empowered by a "finding" of "no wrongdoing" (later proven false by the *prima facie* evidence of Plaintiffs) to have a free hand at commencing a pattern of retaliations against Plaintiffs with absolute impunity,

  e. to the harms that would ensue from Employer's, from-then-forward, complete disregard for the rule of law.

63. When the Florida Inspector General intervened to try to be helpful,

  a. in remedying the horror that had just occurred,

---

[22] Solely for context; these are part of a separate tort, which follows an entirely different process, but generated a **double-whistleblower status**, one in which a pattern of abuses that endanger the public, their faith in the protections of law, or their faith in the rule of law are being exposed, whether for relief, remedy, restoration, or otherwise, as coming from both the harmful and the *hypocritically* "corrective" entity, when these entities are *necessarily* separate. Eventually the triple-whistleblower status would be received (Pgh 61).

**Verified RICO Complaint**

b. intercepting guidelines from the FBI's public corruption program instead suggested that such evidence should not be allowed to fall into the hands of the Florida's Department of Health,

    i. if they had just proven incompetent by providing such a harmful "finding' to a suspect actively violating numerous healthcare and controlled substance offenses,

    ii. while available evidence and intimate knowledge were completely disregarded.

    iii. And that, it should be routed through federal channels.

64. This too resulted in a mishandling by its recipient, which is preserved for torts outside the scope of the instant filing.

### The remaining element for a *plain* RICO enterprise emerges

65. However, the instant filing is far more necessary and compelling, since

a. the retaliations of Defendants are persisting, even through an attorney,

b. even to the rare extreme of open, plain, and repeated violations of criminal law,

66. On, and in the week prior to, July 26th, Employer and a prior attorney carry out a 3-felony *by-proxy* attack at the Jacksonville federal courthouse. It succeeds in impairing the livelihood and lawful employment of Mr. Ibrahim. It culminates at about 9:30am. It was an effort to

a. retaliate against divulging information to authorities

b. intimidate Mr. Ibrahim from the further divulgence of truth.

**Verified RICO Complaint**

67. This incident required Mr. Ibrahim to produce *prima facie* evidence sufficient to establish him as *veritas insuperabilis* ("truth insurmountable") or be otherwise condemned.

68. Plaintiffs, by doing so, managed to discover that they, and 2 other individuals, are thus witness-victims, with witness to about 650, and victim to up to 200, counts of controlled substance offenses occurring by, or under, the orders or supervision of Employer.

69. They likewise learn of the additional rights and Chapter 73 protections they are thus afforded and have asserted them, when necessary, with Mr. Sessions being the only attorney of Defendants as of yet who has been persistent in flaunting them, as the facts below will show, by the irreparable harm now, and yet otherwise, still threatened.

70. Plaintiffs send cease-and-desist letter cited to laws. It asks Defendants desist from approaching, changing the status quo of, or trying to sell the homes in which we live.

71. Attorney Mr. Sessions sends a notice to leave my home in 30 days, violating about 3 laws.

72. Being that Mr. Sessions was perhaps not informed of the prior letter, a new letter is sent to him. This letter puts him on direct notice that Employer used him to commit violations of law, which likewise void the notice. He is also asked to get the previous letter from Employer that he might become familiar.

73. On October 13, 2021, via a third attorney, Employer files a retaliatory eviction against the mother of Mr. Ibrahim's children, at 2401 Island Club Way, Orlando, FL 32822. She files response that would sufficiently attach *mens rhea* of felonies,

**Verified RICO Complaint**

involved in such action, by submitting the notices that had already gone to Mr. Sessions.

74. On November 11, 2021, such attorney rightfully dismisses the eviction.

## Mr. Sessions obstructs aid and takes *Lead* of the RICO enterprise to carry out the GVR scheme

75. Just 6 days after that dismissal, Mr. Sessions, the attorney aware of the notices and letters he's been given, files retaliatory evictions, via Prime Duval, on both the mother of Mr. Ibrahim's children, at 2401 Island Club Way, Orlando, FL 32822, and even on our main home at 2339 Glenfinnan Dr, Orange Park, FL 32073.

76. In the two prior times tenant defenses were raised, a hearing date was provided, which Plaintiffs expected to occur here as well.

## The GVR scheme powered by a RICO enterprise succeeds in paralyzing numerous individuals with traumatic and *irreparable harm*

77. However, the combination of the

  a. manner of Mr. Sessions' filing for eviction,

  b. in such county, and before such judge, as filed,

  c. concealing of facts *material* to barring such filing, of which Mr. Sessions was aware, managed to acquire, whether by fraud upon the court, or otherwise, *summary* judgment for eviction, cited to no law, providing no hearing, and responding to no motions.

78. A day later, *writ of possession* issues, threatening to remove Mr. Ibrahim's family from their home of 3 years.

**Verified RICO Complaint**

79. Such writ suddenly puts Mr. Ibrahim into an "impossible" situation, if to avoid irreparable harm.

80. Moreover, such writ had issued the day before the courthouse closed, attorneys would be on vacation, and Plaintiffs' government contacts would also be unavailable.

81. By those facts combining with,

    a. Notice of appeal not granting automatic stay, and

    b. that such writ, in Florida, could be executed on Christmas,

    c. a void of process thus condemned the annual tradition of Mr. Ibrahim and his children to visit his mother, while helpless to the irreparable harm of being removed from their home.

82. In that not even superseding law, nor that such were available to speak for it, could hope to avail the courts of the offense to which Mr. Sessions attached, even by concealing the material fact to which he was aware, Mr. Ibrahim had to file a petition for bankruptcy, rerouted to the laws that barred Mr. Session's action, until such Court or government be available to restore the rule of law.

83. Mr. Sessions, nor any attorney-at-law, has a duty to *doubt* their client or question the *authentic* validity of their requests. However, they do bear the *individual* liability of evaluating a *bona fide* claim *made known to them*, if such claim would, if true, cause their actions "on behalf of their client" to be a breach of the protocols governing their licensure; namely if they are 1) enabling the illegal substance abuse of their client, 2) reaping financial gain from this enabling, 3) compounding the illegality of the abuse in that their client is elderly, 4) carrying out crimes "on behalf of such client", regardless of the means of which they are disguised in the "color" of law or use

**Verified RICO Complaint**

28

fraudulent, corrupt, or *plainly suspect* means to influence the judiciary process, and

5) and in spite of the plethorous *mens rhea* of their illegality; likewise, the intensity of

such abuses being endured upon his client, and of his license; likewise, the

subsequent and continuing damages to Plaintiffs, and others, that ensue due to this

enablement by Mr. Sessions and others, as well as Employer's incipient,

subsequent, or continuing violations, whether, and to what degree, applicable to

violating federal controlled substance law(s), the federal False Claims Act, the

federal False Claims Act clause against retaliation, federal obstruction-of-justice

laws, and federal RICO laws, thus all being for the original jurisdiction of this Court,

and by such, including all the violations of state law that entail the same period and

parties.

84. The <u>fraud of concealment</u> specifies to Mr. Sessions, following the notice the *mens*
   *rhea* of which would make persisting a crime, while re-filing for retaliatory "eviction"
   in the form of "unlawful detainer" initiated solely upon the name of Musarrat Batool
   ("Ms. Batool"), while knowing that protected employee and crime witness-victim Mr.
   Baqir, who is Ms. Batool's son, along with his sister, are residents at such home, and
   thus seeking to rid all three of them of it, committed fraud of concealment in the
   *aggravatedly* retaliatory case against the then-federally protected home of Mr.
   Ibrahim, at which also Mr. Baqir resides, by failing to bring forth that he was made
   aware of claims sworn to rest upon *prima facie* and even *plain* evidence that his
   initiation of such action would be a crime and moreover, failing to aver that his action
   was jurisdictionally barred in that a complaint for FCA retaliation mentioning both
   homes, and another, the third of which was trespassed, and then sold illegally, and

**Verified RICO Complaint**

also by and involving fraud[23], by Khalid Muneer, Jupiter Properties, Employer, and Prime Clay, also in the knowledge of and while parties therein were actively being represented by Mr. Sessions.

85. This fraud of concealment resulted in 54-59 above.

86. Next came the irreparable harm of removing protected employee, his sister, and mother, all federally protected both by way of from FCA retaliation and being crime witness-victims of both controlled substance offenses and obstruction-of-justice offenses, with Mr. Session's fraud upon the court in order to do so and silence all manner of *material* opposition at hearing, even to the point of *perjury* under license, while protections filed *prior* and thereof placing original and commanding jurisdiction of possession and title in federal court as requiring prior determination of whether FCA-barred retaliation occurred so as to prevent *irreparable* harm of losing one's home all *pre-empted* the action, and were as required by the law, 18 U.S.C. § 3730(h)(1), as how can one "make whole" an irreparable harm thereof that is *allowed* to take place, in spite of jurisdictional bar made *plain* by this law in so much that *nexus* to the retaliation is *plain* and it was; well in excess of any known caselaw, in which nexus of event and incident may be so far apart in either duration, lack of threat, or nature so as to be unrelated.

87. The attack on the third property mentioned for protection in the original pre-RICO filing, which remained un-summonable due to 18 USC § 3771 constraints to protect crime witness-victims, though was informed upon, as to its attributes under FCA-retaliation, due to the increasingly impairing criminal and retaliatory acts that were

---

[23] In this case, the fraud, while itself illegal, *aggravates* the illegality of the sale, but for a sale that is illegal regardless of *whether* fraud occurred, since the exhibits make it *plainly* illegal.

**Verified RICO Complaint**

surmounting, to which the perceived non-exclusivity of criminal protections versus anti-retaliatory remedies could not reach a summonable document under a separate case, in which the Court felt it could retain RICO-like powers to grant by presumption or by order for sufficiency to protect from increasingly obstructive harms that thus became difficult to file and communicate; hence Defendants' *focus* on those that were *irreparable*, protections be damned, so as to most impair any judiciary or testimonial action; as other than physical harm, little is more impairing than fearing or even *enduring* the loss of one's home, the only "protected" home thus remaining, and even that by a thread of a court of jurisdiction *outside* and below the exclusive jurisdiction which the protective argument under 31 U.S.C. 3730(h) exclusively rests, and rightfully herein, before this Court, by now proper and sole complaint, and rightfully under RICO, and requesting all injunctions be granted that protect and correct for the *preservation* of what a determination of but-for and if-true by way of 31 U.S.C. 3730(h), controlled substance act violations, crimes against witness-victims, and RICO would thus preserve, in that this remains irreparable, if allowed to likewise fall under similar harm, and seeking also that the homes illegally possessed, attempted upon, or sold, be restored to the status quo of the time the claim to protect from FCA retaliation was first made, for which it comes now forth as this RICO form, not intertwined with investigation-related protections, subjects itself to adversarial challenge, and before such Court as is most appropriate to the locality of the RICO-related instigations that have ensued unchecked by the laws barring, and intending to bar, them.

## CLAIMS

**Verified RICO Complaint**

## COUNT 1
### 31 U.S.C. § 3730(h), 42 U.S.C. § 1320a-7b, 1395nn

88. Plaintiffs reallege and incorporate by reference paragraphs 1 thru 84 above.

89. By the conduct of Defendants described above, Defendants wrongfully retaliated against Plaintiffs, contrary to the provisions of 31 U.S.C. § 3730(h) for refusing to violate the *False Claims Act*, by method of violating the *Anti-Kickback Statute* (42 U.S.C. § 1320a-7b) and *Starke Law* (42 U.S.C. § 1395nn).

90. Plaintiffs have been damaged by Defendants' wrongful conduct.

91. By the ongoing portions of Defendants' conduct described above, including the non-monetary impositions and damages still sustained or threatened, Defendants continue to wrongfully retaliate against Plaintiffs, contrary to the provisions of 31 U.S.C. § 3730(h) for refusing to violate the *False Claims Act*, by violating the certified compliance required thereunder, as to the *Anti-Kickback Statute* (42 U.S.C. § 1320a-7b) and *Starke Law* (42 U.S.C. § 1395nn).

92. By the conduct of Defendants described above, such retaliation is not likely to cease harming equitable interests, neither on behalf of a sworn claim or *prima facie* showing, nor in notice or warning thereof, if on the part of Plaintiffs, rising to its most aggravated and undeterrable form.

93. Plaintiffs thus have suffered and continue to suffer, along with via its effects on their loved ones and life stability, when by proxy, such unlawful retaliation.

## COUNT 2
### Intentional Infliction Of Emotional Distress (IIED)

94. Plaintiffs reallege and incorporate by reference paragraphs 1 thru 84 above.

95. Defendants' acted with intent or recklessness.

**Verified RICO Complaint**

96. Defendants' conduct towards Plaintiffs was extreme and outrageous.

97. Defendants' outrageous acts were the cause of emotional distress.

98. The Plaintiffs suffered, and thereof suffer, emotional distress.

## COUNT 3
## Negligent Infliction Of Emotional Distress (NIED)

99. Plaintiffs reallege and incorporate by reference paragraphs 1 thru 84 above.

100.   Defendants owed a duty to Plaintiffs to act as reasonable, prudent persons. This
duty includes an obligation to act in a careful, lawful, and prudent manner and in full
compliance with applicable federal law.

101.   Defendants' conduct towards Plaintiffs resulted in a breach of Defendants' duties
to act as reasonable, prudent persons.

102.   Emotional distress was a field of danger that Defendants should reasonably have
anticipated and guarded against.

103.   As a result of Defendants' breach of their duties, Plaintiffs suffered legally
compensable emotional distress damages.

## COUNT 4
## General Pain And Suffering

104.   Plaintiffs reallege and incorporate by reference paragraphs 1 thru 84 above.

105.   Defendants owed a duty to Plaintiffs to act as reasonable, prudent persons. This
duty includes an obligation to act in a careful, lawful, and prudent manner and in full
compliance with applicable federal and state laws.

106.   Defendants' conduct towards Plaintiffs resulted in a breach of Defendants' duties
to act as reasonable, prudent persons.

**Verified RICO Complaint**

107.   General pain and suffering was a field of danger that Defendants should reasonably have anticipated and guarded against.

108.   As a result of Defendants' breach of their duties, Plaintiffs suffered legally compensable general-pain-and-suffering damages.

## COUNT 5
### Post-Injurious Anxiety

109.   Plaintiffs reallege and incorporate by reference paragraphs 1 thru 84 above.

110.   Defendants owed a duty to Plaintiffs to act as reasonable, prudent persons. This duty includes an obligation to act in a careful, lawful, and prudent manner and in full compliance with applicable federal and state laws.

111.   Defendants' conduct towards Plaintiffs resulted in a breach of Defendants' duties to act as reasonable, prudent persons.

112.   Post-injurious anxiety was a field of danger that Defendants should reasonably have anticipated and guarded against.

113.   As a result of Defendants' breach of their duties, Plaintiffs suffered legally compensable post-injurious anxiety damages.

## COUNT 6
### Fla. Stat. § 827.03 (2018)

114.   Plaintiffs reallege and incorporate by reference paragraphs 1 thru 84 above.

115.   Defendants owed a duty to Plaintiffs to act as reasonable, prudent persons. This duty includes an obligation to act in a careful, lawful, and prudent manner and in full compliance with applicable federal and state laws.

116.   Defendants' conduct towards Plaintiffs resulted in a breach of Defendants' duties to act as reasonable, prudent persons.

**Verified RICO Complaint**

117.   The intentional acts of Defendants that could reasonably be expected to result in the mental injury of Mr. Baqir, during the period in which he was still a child, was a field of danger that Defendants should reasonably have anticipated and guarded against.

118.   As a result of Defendants' breach of their duties, Plaintiffs suffered legally compensable damages for child abuse upon Mr. Baqir, during the period in which he was still a child, the lasting and collateral effects thereof, and any prospective damages thereof.

### COUNT 7-A
**Civil injuries by way of aggravated multi-victim identity theft – federal and state, 18 USC § 1028A, § FLA. STAT. 817.568(2)(A) (2022) in an immediate act of multi-retaliatory nonphysical child abuse**

119.   Was directed against a child's identity; Fla. Stat. § 817.568 (2)(c) & (6)

120.   Was committed in immediate retaliation for an official request that Employer cease illegal activities, as under 21 USC § 1812, including their pursuit, as under 31 § USC 3729, Fla. Stat. § 456.054(2), 42 USC § 1320a-7b(b), 42 USC § 1395nn, so as to allow employees Mr. Baqir and Mr. Ibrahim to legally resume employment and rescue Employer, themselves, and other potential victims, following an aggravated act of a 350% overdose of a 21 USC § 1812 offense, which at any dose was later discovered to be plainly illegal under both federal and Florida statute, with further probable cause of acts prior to and concurrent to it being illegal as well; occurring even after the final intervention, at which 2 other parties joined, with such retaliatory identity theft thus further implicating 31 USC § 3730 (h), 18 USC § 3771, 18 USC § 1512-1514;

**Verified RICO Complaint**

121. Thus creating further jeopardy, tampering, and obstruction of evidence as under 18 USC § 1506, 1510, 1511, 1512, 1519, 25 CFR § 11.440, and Fla. Stat. 918.13 (2018).

122. Trademark infringement as under 15 U.S.C. § 1114.

123. HIPAA violations as under 42 U.S.C. § 1320d-6, via theft, and false pretenses as against Mr. Baqir, Mr. Ibrahim, and multiple other victims.

124. In manner resulting in loss of Mr. Baqir's personally used and managed accounts for himself, his correspondence, and his managed affairs for the family, including at minimum Mr. Baqir and Mr. Ibrahim.

125. In manner of nonphysical child abuse, with malice of retaliation, resulting in trauma leading to Mr. Baqir being removed from his then virtual school and affecting numerous factors and facets of his daily life and thru him, or otherwise, harming Mr. Ibrahim in similar fashion.

126. Plaintiffs reallege and incorporate by reference paragraphs 1 through 84 above.

127. Defendants owed a duty to Plaintiffs to act as reasonable, prudent persons. This duty includes an obligation to act in a careful, lawful, and prudent manner and in full compliance with applicable federal and state laws.

128. Defendants' conduct towards Plaintiffs resulted in a breach of Defendants' duties to act as reasonable, prudent persons.

129. The intentional actions of Defendants as in paragraphs 36 and 37 above, specifically, and, in detail, to follow this motion by a schedule for the filing of the exhibits, was a field of danger that Defendants should have reasonably anticipated and guarded against committing.

**Verified RICO Complaint**

130.   As a result of Defendants' breach of their duties, Plaintiffs suffered legally compensable damages. They suffered personal, educational, business, psychological, and occupational damages also including jeopardy to the multi-statutorily protected benefit of continued mortgage payments on Mr. Ibrahim's property at 3155 Wavering Lane, Middleburg, FL 32068.

### COUNT 8
**Sessions' Jeopardy Of Employer's Home Just Days From The Federal Fraud Division's Rescue For The Contractual $5 Million Turnaround**

131.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 64 above.

132.   Defendants owed a duty to Plaintiffs to act as reasonable, prudent persons. This duty includes an obligation to act in a careful, lawful, and prudent manner and in full compliance with applicable federal and state laws.

133.   Defendants' conduct towards Plaintiffs resulted in a breach of Defendants' duties to act as reasonable, prudent persons.

134.   As a result of Defendants' breach of their duties, Plaintiffs suffered legally compensable damages.

### COUNT 9
**Tortious Interference (criminal; compound; aggravated; *mens rhea* _plain_)**

135.   Plaintiffs reallege and incorporate by reference Paragraphs 1 through 64 above.

136.   From the times Mr. Sessions (Mr. Sessions) took lead of the RICO conspiracy by interjecting himself into the furthering, escalating, and innovating of crimes to which by all manner of fact and law were *plainly* illegal, for which he had been made aware (4+ exhibits), and the further of which was available to him (1 exhibit and the exhibit indicated by a line), and from the later time in which Khalid Muneer (Mr. Muneer) and Jupiter Properties, LLC ("Jupiter") joined the conspiracy to likewise further these

**Verified RICO Complaint**

federal and state crimes against protected employees, contractual fiduciaries, as well as carrying out numerous heinous actions to obstruct interventions necessary to rescue both victims and Employer from the crimes mounting upon, by, and thru him and the various companies named herein by way of his or their control or influence, as well as likewise the fiduciary, financial, and contractual damages resulting therefrom, in addition to those that were becoming increasingly irreparable, and some of which are even threatened now; Restorative Employees had valid and enforceable protective rights, contracts, expectancies, and intimate knowledge with Employer and the elaborate financial plan for which they were contracted, which encompassed all of Employer's businesses, properties, and authentic wishes, and with such contract involving a net surplus to them following his planned retirement therein, and for which Restorative Employees were at all times satisfactory in fulfilling, and thus also reaping, both for Employer, and themselves, prior to illegal interference either by controlled substance abuse in violation of federal and state laws, or the enablement that Employer be kept under them for the abuse and financial devastation, relative to such plan and contract when in regards to Employer, and *completely* when in regards to employees, their relations, properties, homes, and interests, and to the financial gain of Mr. Sessions, Mr. Muneer, and Jupiter by such interference and abuse. Restorative Employees, if not for such interferences, had every reasonable expectation, due to their great performance in turning a near-bankrupt to nearly $30 million in net worth in just two years, to thus net the surplus promised at the end of such agreement, which was only a few steps away, and would have amounted to a minimum of $15 million.

**Verified RICO Complaint**

137.   As above, Mr. Sessions and Mr. Muneer were aware, or should have been aware, and thus chose to be *willfully negligent* of Restorative Employees protected interests, under the law, as well as that they were in attempts to rescue Employer from the already-existent enablers of Employer's crimes, which would never manage to commit or enable the seriousness or irreparability of the federal and state crimes carried out by Mr. Sessions in Clay and Orange County and Mr. Muneer in Orange County.

## COUNT 10
### Violation of Constitutional and other Applicable Rights and Protections

138.   Plaintiffs repeat and reallege all preceding paragraphs by reference, as if stated fully in this Count.

139.   Defendants knowingly and repeatedly violated Plaintiffs' rights and protections to free speech and to procedural and substantive due process.

140.   Defendants knowingly and repeatedly violated Plaintiffs' rights and protections as under 18 U.S.C. § 3771, 31 U.S.C. § 3130(h), 18 U.S.C. Chapter 73, Florida's Marsy's Law, as well as other federal and state clauses protecting crime witness-victim participation in remedial measures, as well as from whistleblower and protected employee actions of reporting or refusing to commit an illegal act.

141.   As a direct result of these acts, Plaintiffs suffered legally compensable damages.

## COUNT 11
### Civil RICO Violations, 18 U.S.C. § 1961-1965

142.   Plaintiffs repeat and reallege all preceding paragraphs by reference, as if stated fully in this Count.

**Verified RICO Complaint**

143.   Each Employer engaged in a pattern of predicate acts and racketeering activities affecting interstate and foreign commerce, as defined in the RICO statutes, 18 U.S.C. § 1961(1)(5), and as stated in this complaint.

144.   Defendants' predicate acts consisting of the racketeering activities, in so much as involving all of them, continued without interruption from November 17, 2021, or earlier, and involved multiple predicate acts that gravely affected interstate and foreign commerce, as by the 1) federal stature of the laws violated or threatened, 2) rights, protections, and remedies the federal laws otherwise afford or invoke, or 3) as described in this complaint.

145.   Each Employer directly and indirectly played direct and indirect roles in obstructing justice by their actions that would knowingly hamper or threaten Plaintiffs' ability to exercise their rights and duties in reporting, preventing, healing and reversing the mounting illegal harms and injuries, both thru 1) the judiciary or executive departments for doing so, whether federal or state, and 2) via the applicable third parties.

146.   Each Employer named in this action is a person within the meaning of 18 U.S.C. § 1961(3).

147.   Each Employer by their words or actions, showed agreement to participate, directly and indirectly, in the affairs of the enterprise through the perpetration of multiple predicate acts.

148.   Each Employer acted within the scope of the enterprise.

149.   Defendants combined to form an association-in-fact enterprise under RICO for the common purpose of engaging in a course of conduct that harmed Plaintiffs,

**Verified RICO Complaint**

interstate and foreign commerce, multiple crime witness-victims, obstructed justice

and the timely accumulation of supportive evidence, participated in or enabled

continuing violations of the Controlled Substances Act, along with the damages that

thereof ensued and continued to worsen, adversely affected national and public

interests, and defrauded Plaintiffs, courts, the State of Florida, and the United States,

while abusing the trust and influence that their professional licenses provided, for the

sake of doing so. This conduct played a role in multiple forms of injury to Plaintiffs,

including acts of *irreparable* harm.

150.   Each Employer, persons within the meaning of RICO, in violation of 18 U.S.C. §§

1962(a) and 1962(b), thru their predicate activities, acquired and maintained an

interest in the enterprise, continuing their acts in the conspiracy, and furthering the

cause of the enterprise. They directly benefited from the proceeds of carrying out such

acts.

151.   As a direct result of these acts, Plaintiffs suffered legally compensable damages

restorable in part by corrective and protective injunctions, constructive trusts, and

treble damages.

### COUNT 12
### Intentional Violation and Deprivation via Retaliatory Lawsuits utilizing acts of fraud and perjury to obstruct justice by causing, aggravating, or prolonging multiple forms of injury and violations of law

152.   Plaintiffs repeat and reallege Paragraphs 1 through 84.

153.   All Defendants intentionally perpetrated retaliatory lawsuits and other wrongful

acts against Plaintiffs, and aided and abetted such wrongful acts, knowingly inflicting

both great and irreparable harm upon Plaintiffs, their financial standing, credit,

reputation, relationships, equitable and real property claims, and even their

**Verified RICO Complaint**

unhampered ability to reside in their own homes, by manner of violating jurisdiction, engaging in fraud, perjury, illegal sales, grand larceny and other violations of state and federal law to further obstruct justice, while aggravating the prior injury to Mr. Baqir while a child[24], and further endangering the authentic persona, health, and wellbeing of the elderly individual involved by the incontrovertible evidence sustaining the illegality of the controlled substance abuse violations in which he was engaged.

### COUNT 13
### Fraudulent and Intentional Interference with Prospective Economic Advantage

154.   Plaintiffs repeat and reallege Paragraphs 1 thru 84.

155.   Defendants directly and indirectly interfered with Plaintiffs' prospective economic advantage.

### COUNT 14
### Negligent Interference with Prospective Economic Advantage

156.   Plaintiffs repeat and reallege Paragraphs 1 thru 84.

157.   Defendants negligently interfered with Plaintiffs' prospective economic advantage.

### COUNT 15
### Abuse of Process

158.   Plaintiffs repeat and reallege Paragraphs 1 thru 84.

159.   Plaintiffs committed abuse of process, by using court processes for the improper and ulterior motive of obstructing justice by carrying out, and progressively

---

[24] This Plaintiff has been a legal adult, *sui juris*, for over a year now.

**Verified RICO Complaint**

worsening, severe, and even *irreparable*, economic, and emotional injuries upon

Plaintiffs, including thru and in violation of law.

### COUNT 17
### Personal Injuries and Damages due to Violations of the Controlled Substances Act and the Recklessness thereof

160.   Plaintiffs repeat and reallege Paragraphs 1 thru 84.

161.   By the conduct of Defendants described above, Defendants directly violated, or

induced, aggravated, or enabled the violation of numerous clauses of the Controlled

Substances Act, and the state laws governing its methods of dispensary, in regards

to a prior-abused Schedule III controlled substance.

162.   Plaintiffs have been, and are still being, directly and proximately damaged by the

actions produced from or enabled by such conduct, first in direct correlation with the

degree, severity, negligence, and enablement of the violations involved, and then,

following the overdose incident, by a continuously worsening pattern of enabled and

aggravated damages, even including incidents of irreparable harm and worsening

crimes carried out, at times in turn, and at other time simultaneously, by the RICO

defendants.

163.   By the conduct of Defendants described above, either or both of the continuity of

such violations or the thus-ensuing financial and emotional injuries caused

Defendants are not likely to cease harming Plaintiffs' property rights and other

equitable interests, given that a history of sworn claims, *prima facie* showings, nor

notice or warning thereof, has only increased Defendants' determination to not only

sustain these violations and their effects, even thus sustaining a continued risk of

wrongful death, let alone millions of dollars in financial damages to Plaintiffs merely

**Verified RICO Complaint**

43

by Defendants' methods of repeatedly alternating between obstruction and retaliation, and thus also obstructing justice and Plaintiffs' constitutional rights, for Plaintiffs' continued contractual, fiduciary, and consortium duty to Employer, and likewise to themselves, the public, and the interests of justice, to insure, by all legal means available, the 1) ceasing of all such violations by Defendants, 2) the restoration, reversals, and injunctions required by law to restore the ensuing damages and prevent further, especially irreparable, harm, 3) and the isolation, rescue, and rehabilitation of Employer, from the illegal abuses of any and all enablers, and 4) with such enablers brought to justice for any continuing role they carry out in doing so.

164.   Plaintiffs thus have suffered and continue to suffer compensable damages to their business, employment, contractual, fiduciary, and consortium interests, along with at-risk-of cementing and otherwise threatened irreparable harms of home, life stability, and consortium, in urgent need of this Court's by-petition or *sua sponte*[25] action.

### COUNT 18
### Abuse of the Elderly for Financial Gain, multi-aggravated

165.   Plaintiffs reallege and incorporate Paragraphs 1 thru 84.

---

[25] Where representation cannot be timely afforded, not for an ardent desire to be *pro-se*, but to protect from ongoing or impending *criminal* harms of an 1) alleged RICO enterprise,  2) claims involving *active* risk to the health or life of vulnerable parties, 3) where a preventive injunction can prevent the immediate risk of an *irreparable harm*, or 4) where a corrective injunction can reverse the cementing of a recent, or post-jurisdictional, *irreparable harm*, especially if it demonstrates as so *plainly* illegal so as to carry some element of *incontrovertible* evidence, the Court can, *by its own motion*, restrain or injunct the alleged offenders *immediately*, including by the stay of lower court proceedings alleged to be acquired by them thru fraud, perjury, obstruction of justice, harassment, public corruption, unlawful retaliation, or in violation of jurisdiction, or of Constitutional right, by presumption or precaution, for which  can likewise put a deadline on Plaintiffs to produce a higher bar of evidence than the Local Rules require, regarding any allegations with which the Court is concerned

**Verified RICO Complaint**

166.   Abuse of the elderly occurred in manner likewise causing injuries and damages
to Plaintiffs by Defendants other than Employer, including the robbing of an eldest
son of his father, specifically by Mr. Sessions, by manner of stopping his treatment
and restoration *prior to* having carried out irreparable, paralyzing, emotional, and
traumatic damages upon Plaintiffs, some of which Plaintiffs fear the Court may not
even rush to reverse *sua sponte* as they could hardly be more *plain*.

167.   Financial gain is realized and indisputably *plain* as being transmitted to two
professionals *licensed* under the state of Florida.

168.   Detriment level of abuse involved sustaining over $50 million of the *sudden-
impact* portion of as-of-yet irrecoverable damages to the elderly, and thus
contractually to Restorative Employees' *upon-goals-reached* fiduciary renumeration,
solely, as in *obstructive-to-remedies*, on account of such abuse

169.   The abuse was in full *mens rhea* of the two no-higher-than witness-relations of
merit, who were also *Last Stand*[26] indomitable/immune,

---

[26] 1) **Superlative level of merit** in incidents *immediately* prior to *illegal* acts of rupture by **outside forces** – Mr.
Ibrahim and Mr. Baqir were moments from meeting with the fed mortgage fraud division to shut down the lender
trying to foreclose the Employer's home and thus do the $5 million turnaround on Employer's home as
contractually planned, were moments from completing closing on ALF for $6.5 million, had just done the
"impossible" feat of getting a lab tenant in default to agree to a partner to bring her current (she had refused to
talk any further with the landlord, who was Employer, even in his pre-overdose, but already *illegally altered* and
*paranoid-aggressive* persona (as of April 2020), and was days from meeting with a broker to fill empty spaces
within the next 60 days; all as repeatedly planned and keyman witnessed, 2) That elements of a *last stand* by such
individuals auto-criminalized all future encounters with the victim as being various degrees of enabling the *then-
altered* illegally acquired state of such elderly, child, or disabled individual, satisfied by a) that the previously
worsening post-illegal state had run off all forms of loyal-relation support, b) that an *unexpected* climax event
(overdose; Pgh 27) merged its state (lasting 3 months at a time; the *most dangerous* form, if already *prior* an issue;
among other reasons) with a **mandatory-rupture** event (the beyond-any-remaining-doubt-or-delay **order to
violate** the *False Claims* Act; Pgh 31 upon the same individuals thus holding the last available remnants of *positive*
support for the vulnerable individual's *authentic persona* plainly established by being the only legally sustained one
and in manner documented and describable, by those in the superlative *also* being the most intimate eyewitness
of the facts, changes, and interventions involved; in fact, the Restorative Employees forced with no other option
but to leave or violate the law, even before fruition of their mostly completed, contractual, and repeatedly
promised prerequisites for the *well-earned* takeover of the estate surplus, following the scheduled retirement,

**Verified RICO Complaint**

170.   involved the prolongedly enabled use of controlled substance felonies solely by the obstructive actions of Mr. Sessions even after the Florida Bar and DPBR ordered all attorneys and realtors to desist from the crimes and by the specific encountering of the language provided to Mr. Sessions, ironically *even more times* than to attorneys who at least know that crimes and preserving the *plainly* illegal drugging of the elderly, obstructing even Dr. Paul and others from the rescue of Employer; which prior was to be done by a relative referred to as "Uncle Bukhari" who was prepared to assist legal authorities, authorized under SAMHSA, to restrain the Employer, rescue him from enablers, and provide the year of rehabilitation necessary along with endogenous support, but Uncle Bukhari unfortunately passed away;

171.   thus involved obstruction of remedial care and the damages listed above.

**COUNT 19**
**First degree felony grand theft of real property**
**§ Fla. Stat. 812.014(2)(a) (2022)**
**3339 Deepwater Ct, Orlando, FL 32826**

172.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 84 above.

173.   Defendants owed a duty to Plaintiffs to comply with law and act as reasonable, prudent persons. This duty includes an obligation to act in a careful, lawful, and prudent manner and in full compliance with applicable federal and state laws.

---

confirmed that the healthcare fraud *did indeed take place* (due *in part* to several acts of willful negligence of an individual "A.B." at Florida's DOH; which is the cause of a *separate* set of tort claims anticipated upon the State of Florida and who is also suspected of public corruption; as Plaintiffs only swear to claims upon which they are fully certain, not enough evidence has been yet acquired to determine whether A.B. was also part of the *ongoing criminal enterprise*, as under RICO, and would be, if applicable, acquired in the *appropriately separate* case for the uniquely *different* standards and law that a tort upon the state involves) but that the kickbacks that began were so blatantly large that, after about 3 months, they could no longer be sustained; with c) enablers rising to

**Verified RICO Complaint**

174.   Defendants' conduct towards Plaintiffs resulted in a breach of Defendants' duties to act as reasonable, prudent persons, and moreover in such manner that violated law, both with the pre-existing federal factors aggravating the act, and factors of the act itself, which were aggravated by the guidelines of federal and state law.

### COUNT 20
### Breach of Contract

175.   Plaintiffs reallege and incorporate the Paragraphs above.

176.   Mr. Ibrahim and Employer entered a valid Sole Executive Fiduciary contract. Mr. Baqir assisted Mr. Ibrahim in the execution of that contract, which by the contract's parameters, made him a by-degree-of-assistance beneficiary for what was promised upon the last step of taking the Employer from a state of near-bankruptcy, and distressed assets and businesses, to the achievement of the retirement conditions of Employer therein specified.

177.   Employer committed a sequence of material breaches of the contract, both in violation of the contract and of federal and state laws, until these breaches were exacerbated by a shortly-spaced set of unexpected and catastrophic acts by Employer, likewise in violation of federal and state laws, and in material breach of the contract, which compounded in such manner so as to jeopardize the ability of Restorative Employees to fulfill the contract without *plainly* violating the *False Claims Act*; a contract which from their side and from their efforts had been and was on its way to otherwise being fulfilled, and thus were deprived of the benefits it promised and which were, by any reasonable theory of the circumstances involved, when to the exclusion of the illegal acts and breaches committed by Employer, *inevitable*.

**Verified RICO Complaint**

47

178.   Defendants as a whole took measures to further breach the contract or sustain that such breaches become beyond repair by multiple acts civilly and criminally barred, as well as barred by the codes of their license, and to which acting "on behalf of" a client is not a valid defense, nor for the criminal acts against Plaintiffs and their interests.

179.   Plaintiffs, and their familial and contractually related interests, suffered and continue to suffer financial, emotional, contractual, occupational, physical, and special harms caused by Defendants' breach, further inclusive of criminal, fraudulent, unsanctioned-by-license, and irreparable harms endured, continuing, cementing[27], or immediately threatened[28].

### COUNT 21
### Culpable Negligence – Endangering Public Safety

180.   Plaintiffs reallege and incorporate Paragraphs 1 thru 84 above.

181.   Defendants had a duty not to endanger the safety of others.

182.   Defendants, particularly Mr. Sessions, took actions endangering that duty, and in violation of law, the minimum of which involves Fla. Stat. 784.05 (2022), in numerous events, but most particularly by way of the retaliatory (under retaliation law), obstructive (under obstruction-of-justice) law, and fraud by concealment (of his *mens rhea* or an *implicated* duty to know, reveal, or verify as *material* facts) action brought in the form of an eviction, which was by way of *material* facts an *illegal*

---

[27] In manner Plaintiffs seek Court reverse or stay as they are carried out by manner of a RICO criminal enterprise
[28] From which preliminary injunction and stay of lower court proceedings is sought, by way of the Court's powers to protect individuals from RICO entities by acknowledging or ordering *plain* evidence of any segment of criminality, from which then to make presumptions of the need to secure from a party causing an imbalance in judiciary access by creating one life instability after another, within the duration of proceedings, without any manner of restraint.

**Verified RICO Complaint**

action, since the notice claimed within it, *likewise* illegal, as it *plainly* follows prior notices from "Tenant" (Plaintiffs), which at minimum makes it retaliatory and nonetheless by way of being used as a means to carry out irreparable harm, in an already unjustified manner, against crime witness-victims, *plain* from correspondence, involved criminal acts, he brings fraudulent and illegal eviction claim in such manner that it too becomes void of due process and thus puts Plaintiffs in the position of having to undergo numerous damages, including special damages upon Mr. Ibrahim's good credit, as the only remaining way to save the lives, health, wellbeing, and safety of Plaintiffs, Employer, approximately 10 *known* crime witness-victims, and approximately 300 unknown crime witness-victims, out of a pool of approximately 15,000 patients. While this specific instance caused the most corresponding and lasting damages, it is not the only instance or aggravation of this endangerment, nor was Mr. Sessions solely responsible for all the damages thereof, but the damages thereof were delivered at times *in turn* and at times *simultaneously* by the criminal RICO enterprise, whether thru the person-individuals or thru companies used for such criminal activities *by* the person-individuals.

183.   Such damages included financial and emotional harm to Plaintiffs, including even the extremes, in regards to each, of leverage- & reputational- endangerment by assault-on-credit and new-onset trauma-imposing events on Plaintiffs and other victims, causing post-traumatic-stress-disorder centralized to the incidents involved.

### COUNT 22
### Breach of implied in fact contract

184.   Plaintiffs reallege and incorporate Paragraphs 1 thru 84 above.

**Verified RICO Complaint**

185.   A valid restorative fiduciary contract existed between Mr. Ibrahim and Employer, likewise bringing the other Defendants into damage-liability of this count, who took it upon themselves to, in a manner either barred by law or by the broad limits and discretion of their professional licenses, assist or aggravate the damages caused by the breaches.

186.   Some or all of the contract terms were inferred from the parties' conduct, not written.

187.   Employer, and thru Employer's and other Defendants' improper and illegal use of Prime Global, Prime Duval, Prime Clay, MMS, UPS, and FMR, materially breached the contract.

188.   Plaintiffs suffered damages as a result of the breach.

**COUNT 7-B[29]**
**Retaliatory Identity Theft of Primary Witness-Victims by Conduit and then upon Adult**

189.   Plaintiffs repeat and reallege Paragraphs 1 thru 84 above, along with the Paragraphs in Count 7, in application of this offense as to the adult who, as specified under federal and state law, had their identity stolen, and likewise *in manner* already *additionally* in violation of federal and state law regarding employment, protected activity, the Controlled Substance Act, and the False Claims Act.

190.   Defendants had a duty not to violate, or assist or aggravate the violation, of federal civil, federal criminal, and state criminal law, or Defendants' First Amendment rights, as well as not to cause injury or deprivation thereby upon the identity, safety, health, rights, wellbeing, reputation, finances, credit, property, legitimate interests,

---

[29] It was found later by way of *self-correction* it was best to join these counts in this fashion.

**Verified RICO Complaint**

livelihood, and constitutional freedoms and liberties of Plaintiffs thereof, or of the collateral interests of Plaintiffs, or upon the public, or upon the interests of justice.

191.   At the time of the offenses, the form of identity stolen was under the sole ownership of Syed Muhammad Baqir Hussain, with the only other permitted *direct* use thereof being of Brian Guex, a witness-victim. It involved the legally protected trademarks and information of primarily Mr. Baqir and Mr. Ibrahim. Moreover by way of the bank accounts being thereof managed by such identifier for Mr. Ibrahim, by Mr. Baqir and *secondarily*, by Brian Guex, it by the verbiage of federal and state identity theft laws is a *protected* identifier of Mr. Ibrahim as well, since it governs his bank correspondence. Thus, the immediately *plain* retaliatory act of stealing such identity by Employer via the individual "hired" as one of the two kickbacks[30] already under way, in violation of anti-kickback statute, the day of the Employer's forcibly constructive discharge of Executive Restoration Employees (ERE), was *likewise* an identity theft crime against Mr. Ibrahim.

---

[30] The first kickback, a $20,000 *demand*, not known to be, until the action confirming 3 months of healthcare fraud as part of a kickback scheme brought about by the irrational, angry, paranoid, and sometimes threatening demands of Employer; a scheme that only ended because the Employer's demands were *so high*, and thus so *criminally severe*, that they could not even be afforded. The second kickback, a woman utilized in furtherance of the damages caused by the controlled substance and other violations of law and contract, including even the double identity theft, is a *reliably presumed* one based on the likelihood she was the same one managing the referred-to facility, which only could not be confirmed due to multiple incidents of obstruction of justice carried out by an increasing number of participants, whether person-individuals, or *via* corporate-individuals, as part of the ongoing RICO criminal enterprise. This woman was later replaced by another one who is *currently* in possession of the stolen identity, as a result of Employer having her take it over for his business purposes, and likewise with a portion of such interests that otherwise were going to go to Jax Affordable Contracting, LLC ("JAC") in Orlando, as per Agreement, being, *in part*, instead funneled to that company. JAC is set to make its own upcoming appearance in this case, as Plaintiff, and to by way of being part of such Agreement and created in response to the *authentic* wishes of Employer, and in line with the fiduciary goals the Agreement encompasses, and having had its interests harmed in same manner of Plaintiffs herein, being likewise entitled to the damages of such counts, as well as any necessary preventive, corrective, or restorative injunctions for the same.

**Verified RICO Complaint**

192.   Such violations of Identity theft law by Employer and Employer's misuse of other person- and corporate- individuals to carry out or assist in such crimes, and the prolongation and aggravation of its damages furthered principally by Mr. Sessions taking lead of such criminal enterprise, in *plain* violation of law and his bar license, to carry out the furtherance of such crime's damages, aggravate them, and compound upon them over 70 additional crimes and their even worse damages, were an onset and an aggravation of this violation of law, which even under this count's theft being from Mr. Ibrahim, likewise damaged Mr. Ibrahim financially, emotionally, and occupationally, as well as numerous of his business interests, as well as similarly injuring Mr. Baqir's legitimate business expectations and interests thereof, along with financially, occupationally, and emotionally, although Mr. Baqir was nonetheless much more greatly impacted by this incident *directly* as under the appropriately separate count, by way of him yet being a minor, when the retaliatory assault on his identity, his school, his home, his family, his investments, and likewise his responsibilities to others was thus, and *criminally*, carried out.

## COUNT 24
### Breach of Implied-in-Law Contract

193.   Plaintiffs repeat and reallege Paragraphs 1 thru 84 above.

194.   Plaintiffs conferred benefits upon Employer, Prime Global, Prime Duval, Prime Clay, MMS, FMR, UPS (together, the "Rescued Entities"), and Mr. Sessions.

195.   The Rescued Entities and Mr. Sessions appreciated the benefits.

196.   Defendants, in manner of the remaining defendants also retaining thereof, in violation of laws and their license, accepted and  retained the benefit without paying the value thereof.

**Verified RICO Complaint**

197.   The circumstances are such that it is inequitable for Defendants to retain the benefit without paying fair value for it, where compensable, or arranging the reversal of the illegal and fraudulent transactions of property thus involved, where irreparable harm is both of the form consummated and that which is continously thereof being endangered and carried out.

### COUNT 25
#### Civil conspiracy; likewise RICO civil; in-face-of *mens rhea*

198.   Plaintiffs reallege and incorporate the Paragraphs above.

199.   A conspiracy transpired between two or more of Defendants, as against Plaintiffs, separately and further as under RICO, and separately and further in manner criminal.

200.   Such conspiracy was to do 1) unlawful acts, 2) unlawful acts in manner of RICO, and 3) lawful acts of unlawful means and purpose, or for unlawful ends.

201.   The conspiracy involved many, but at least one, overt acts in pursuance of the conspiracy.

202.   Such conspiracy resulted in predicate acts of injury and damage upon Plaintiffs as subject to RICO in the entirety of all damages and injuries by way of its enterprise and scheme.

### COUNT 26
#### Copyright infringement

203.   Plaintiffs repeat and reincorporate Paragraphs 1 thru 84 above.

204.   Plaintiffs owned the copyrights both of and involved in the attack in Paragraph 37.

205.   Plaintiffs copyrights are valid.

**Verified RICO Complaint**

206. Rescued entities violated these copyrights without authorization. Actions by Mr. Sessions and later by Mr. Muneer and Jupiter worsened the ability of Plaintiffs to put an end to these violations.

207. Plaintiffs suffered compensable damages from these acts.

### COUNT 27
### Invasion of Privacy by Appropriation and Intrusion

208. Plaintiffs repeat and reincorporate Paragraphs 1 thru 84.

209. The Rescued Entities engaged in the unauthorized use of Plaintiffs' name or likeness for trade, commercial, or advertising purposes as well as electronically intruding upon the privacy of Plaintiffs, *both* in manner violating civil and criminal, state and federal, laws. The actions by the other three Defendants exacerbated the continuation and damages of such use.

210. The Plaintiffs suffered compensable damages.

### COUNT 28
### Loss-of-Consortium

211. Plaintiffs reallege and incorporate Paragraphs 1 thru 64 above.

212. Defendants had a duty to uphold the law.

213. Defendants knowingly violated and continued to violate laws to the harm of Plaintiffs.

214. Plaintiffs suffered loss-of-consortium damages in their family relationships as a result of the personal injuries caused by the acts of Defendants in violation of civil and criminal laws.

### COUNT 29
### Specific Performance

**Verified RICO Complaint**

215.   Mr. Ibrahim and Employer are parties to a contract. Mr. Baqir is likewise an
added party to it.

216.   Plaintiffs performed their obligation under the contract or remained ready, willing,
and able to perform.

217.   Rescued Entities refused to perform their obligation under the contract.
Defendants Mr. Sessions, Mr. Muneer, and Jupiter, acted with Rescued Entities, as,
and in manner of, RICO conspiracy to harm and obstruct those restorative actions
by Plaintiffs that would have assured that these obligations be performed, and in
manner that violated civil and criminal laws, along with the bounds and tenets of
their professional licenses.

218.   No more adequately specific, or prompt, remedy at law is known to exist.

### COUNT 30
### Constructive Trust – 2339 Glenfinnan Drive, Orange Park, FL 32073

219.   Mr. Ibrahim and Employer shared a confidential relationship.

220.   Employer makes a promise, express or implied, to transfer property to Mr.
Ibrahim and cause reliance thereon.

221.   The interposition of the longest acting form of a controlled substance, already
being abused by Employer at the time, is administered, in spite of objections by Mr.
Ibrahim and another individual aware of Employer's prior abuse, in a method not
known to be illegal at the time, but later found to be a *resolute* and *plain* violation of
multiple federal and state laws. It immediately begins causing bodily harm to
Employer, which Mr. Ibrahim has to rush to stabilize[31]. By being of a form that could
no longer be regulated by interventions, following episodes of harm to others,

---

[31] Pgh 22 above

**Verified RICO Complaint**

recklessness, and paranoia, it illegally, negatively, and sustainably masks Employer from his authentic persona. Upon having run away half his family by acts of rage and profanity, having put Mr. Baqir to tears on his birthday, having issued all manner of profanity and death threats on a lab tenant who ended up refusing to talk to him for which Mr. Ibrahim rushed to save the issue and secure that contractual goal, with the next one also in hand[32], having destroyed the *minimum* $50 million value Mr. Ibrahim had spent weeks positively encouraging, congratulating, and cultivating in his son's gifted level of hedge-fund level skills, who otherwise had felt isolated, abandoned, and unappreciated by his father. In less than a couple weeks, Employer managed to issue all manner of profanity and put-downs on him, to the point of preferring to think Mr. Waseem had gone mad than to congratulate the great work he was doing. Mr. Waseem shortly after deserted his gift and the help he was providing, and even the finance company we had envisioned starting together, and fled the horrible home environment the Employer's *unregulated* (and later found to be illegal) transformation had created, along with his sister. Plaintiffs, being his last loyal men left standing, were going to bear more harm for their loyalty than anyone at the time might have predicted. Ironically, the harm would be meted out not quite so horribly and irreparably by Employer, nor by the attorneys and realtors who upon becoming *knowing* of the crimes he wished to have them carry out would not do so, but by two individuals who will stop at no law, no fraud, no perjury, no tenet of their license, and no fact or

---

[32] The broker as contractually agreed versus the *False Claims Act* violations he began to aggressively insist on, following the 350% illegal overdose, on the *already-plainly-illegal* method in which he was taking the most dangerous form of the controlled substance he had *already* been prior abusing, and even *after* a final 3-person intervention and being made plainly aware of the thefts, vandalism, and threats he was bringing to himself and his family

**Verified RICO Complaint**

showing, and perhaps not even if the Judge of this Honorable Court were to order them to, in committing every manner of crime, via companies, attacks on people and property, and as themselves, in meting out irreparable harm upon numerous crime-witness victims, known and unknown, even the interests of justice, the public, the state, and the federal government, as though they are above the law, and ironically for relatively miniscule profit, whether to them or Employer, in comparison with the tens of millions such Employer and likewise Plaintiffs have lost by their actions, let alone the harms and traumas they have caused beyond measure of repair. One can only be thankful that for such reasons, RICO laws *likewise* exist, and unlock the Court's powers to preserve the balance of power by a presumption and *sua sponte* injunctions against the furtherance of any such harmful actions or retaliations upon the persons, property, home, or livelihood of Plaintiffs, though *commensurate* with their likewise evidentiary powers, which can hold Plaintiffs to a prompt, or if necessary *controlled*, production of any evidence they claim is *plain* or *prima facie* in establishing the grounds for the Court's any such action.

222.  Rescued Entities are unjustly enriched by failing to deliver the property.

223.  Actions by and with the other Defendants, in method and manner of fulfilling a RICO criminal enterprise, aggravated this failure to persist.

224.  Equity necessitates the property be delivered as remedy.

### COUNT 31
**Constructive Trust – 5115 Ortega Farms Blvd, Jacksonville, FL 32210**

225.  Plaintiffs repeat and reincorporate Paragraphs 1 thru 84 and 216 thru 221 above, applying them likewise to 5115 Ortega Farms Blvd, Jacksonville, FL 32210.

### COUNT 32

**Verified RICO Complaint**

**Constructive Trust – 7685 103rd St., Jacksonville, FL 32210**

226.   Plaintiffs repeat and reincorporate Paragraphs 1 thru 84 and 216 thru 221 above,

applying them likewise to 7685 103rd St., Jacksonville, FL 32210.

## COUNT 33
**Constructive Trust – 2401 Island Club Way, Orlando, FL 32822**

227.   Plaintiffs repeat and reincorporate Paragraphs 1 thru 84 and 216 thru 221 above,

applying them likewise to 2401 Island Club Way, Orlando, FL 32822.

## COUNT 34
**Constructive Trust – 3339 Deep Water Ct., Orlando, FL 32826**

228.   Plaintiffs repeat and reincorporate Paragraphs 1 thru 84 and 216 thru 221 above,

applying them likewise to 3339 Deep Water Ct., Orlando, FL 32826.

## COUNT 35
**Constructive Trust – 3604 University Blvd. S., Jacksonville, FL 32216**

229.   Plaintiffs repeat and reincorporate Paragraphs 1 thru 84 and 216 thru 221 above,

applying them likewise to 3604 University Blvd S., Jacksonville, FL 32216.

## COUNT 36
**Constructive Trust – 319 Eldridge Ave., Orange Park, FL 32073**

230.   Plaintiffs repeat and reincorporate Paragraphs 1 thru 84 and 216 thru 221 above,

applying them likewise to 319 Eldridge Ave., Orange Park, FL 32073.

## COUNT 37
**Constructive Trust – Parcel 30-04-25-008069-005-00 Brannan Field
Middleburg, FL 32068**

231.   Plaintiffs repeat and reincorporate Paragraphs 1 thru 84 and 216 thru 221 above,

applying them likewise to 319 Eldridge Ave., Orange Park, FL 32073.

## COUNT 38
**Fraudulent Concealment upon a Court of Law, *details provided*[33]; involving
attorney misconduct, willful negligence, retaliation for and obstruction of**

---
[33] As the count involves an accusation of *fraud*

**Verified RICO Complaint**

**justice, free speech, and crime witness-victim, whistleblower, and protected employee protections and restorative actions, and thus further creating a constitutional violation of due process as against one's protected rights to property**

232.    Plaintiffs repeat and reallege Paragraphs 1 thru 84 above.

233.    While, in, and by filing for eviction under his law license in a Clay County court, on December 3, 2021, Mr. Sessions failed to disclose, and act requisitely upon, material facts to which he was aware, or should have been aware, which would have made such filing an illegal act. He thus *additionally* violated his required duty, as an attorney licensed under the Florida Bar, 1) to act within the bounds of law, by carrying out a *plainly* illegal eviction, and 2) failing to disclose the material facts that made it *plainly* illegal, thus misrepresenting before a county court, in the State of Florida, both that the action was legal, nor that was he personally aware of, or should have been aware of, material facts that barred the legality of the action. Thus, this act of fraud likewise involved acts of attorney misconduct and of willful negligence to the material facts barring the legality of such acts, as well as making him duty-bound 1) to suspect that he may no longer be representing his client or his client's best interests and 2) to put his client's health, wellbeing, and authentic persona into question, at least to the extent that he evaluate how incontrovertible was the evidence alleged as such, as to all 3 of these being endangered in a prolongedly illegal manner, from someone whom he knew, or should have known, was the most intimate and loyal confidant of his client, *from Mr. Sessions' business dealings* <u>*with both his client and Mr. Ibrahim*</u> *present*.

234.    Such court, by thus relying upon the misrepresentation that 1) the filed eviction was legal and 2) that no material facts known to Mr. Sessions, Employer, or Prime

**Verified RICO Complaint**

Duval would bar the timing of its filing or make such action a crime, issued judgment

of eviction without hearing, jury trial, or consideration of the legally relevant evidence

and facts, thus jeopardizing the rights to property without due process, in violation of

the Fifth and Fourteenth amendments of the Constitution.

235.   That the irreparable harm, acts of terror, credit, reputational, emotional, financial,

and occupational damages thus caused were furthered by all the Defendants in a

federal RICO conspiracy as a whole directed against the crime witness-victims

involved, the patients continuing to be affected, the public as a whole, and the

interests of justice. That compensable damages thereof were suffered by Plaintiffs.

## COUNT 39
**Fraud by Misrepresentation at a Court Hearing, *details provided*[34]; Attorney Misconduct; Perjury; Obstruction of Constitutional Rights to Free Speech, *hiring* an attorney, allowing one's *contracted* attorney to be present, and due process, thus causing irreparable harm of being removed from one's home, and then away from one's home, as well as the collateral irreparable harm to the involved family members, with this and other harms continuing until this Court grant restorative or corrective injunction to at-minimum rule of law**

236.   Plaintiffs reallege and incorporate Paragraphs above.

237.   In one of Defendants jurisdictionally illegal and barred attacks in every manner

other than the non-RICO federal pre-existing claim at the time, all with sufficient

notice, and provision of *mens rhea* occurred via Mr. Sessions criminal attack on both

protected employees and crime-witness victims thru attempting to carry out an

Unlawful Detainer barred by numerous laws and under no theory could proceed as

---

[34] As the count involves 1) the accusation of *fraud*, 2) alleges a criminal violation of *decorum* (perjury) by a licensed attorney, while its cross-reference from *existing* transcripts to the physical representation of the *material* facts is presentable, details as to the fraud are provided, even though a decorum count determinable in *plain* fashion could cause the Court to pause proceedings to preserve decorum and integrity, for which if the count is split specifically as to *perjury*-under-license details are provided, and Plaintiffs are prepared to respond with evidence to any Order seeking the preliminary *leveling* of the Parties by injunctions protecting *life stability* factors

**Verified RICO Complaint**

though notice is *not* order, it is notice of law, notice incorporating plain facts, notice *prima facie*, or whichever the case may be for the impact of *mens rhea* and *liabilities* that it places on exposure.

238. At onset of hearing, Defendants via Mr. Sessions delivered a *plain* fraud-on-the-court. Mr. Sessions stated, and all of which is on the physical transcript, that the Restorative Employees had inserted themselves without leave of court, whereas the court has inserted them, by rule, and in response to the elaborate and appropriate request of Ms. Batool. In fact, it was that court's own document that listed Restorative Employees to come to that hearing. Thus, and by essentially using a free rein of speaking on motions that were not his, he managed to so fraudulently mischaracterize them in lieu of the apposite record, for which those therein versed to speak were silenced before one word was allowed to leave their mouth.

239. Thus, multiple falsities form these perjuries by Mr. Sessions and plain fraud on the Court compounded by the errors of Orange County Court (OCC) in accepting them as true, led to degrees of violating due process that led to the isolation of the collaterally affected individual, who though capable of emotional pleas was not versed, nor had cause to be, in the way of establishing her affirmative defenses.

240. Nonetheless even when that individual, the mother of Mr. Baqir, who is Musarrat Batool ("Ms. Batool"), stripped of her witnesses, and her attorney, by the perjuries and fraud of Mr. Sessions, in one of his filings which was already a criminal act, and had no theory or jurisdiction to proceed given the prior maximal halts[35], when she

---

[35] Though the maximal halts of reiterating the protections bound to law and offering *plain* or *prima facie* are incontrovertible blocks to proceeding legally without *sudden plain* or *sudden prima facie* or *sudden mens rhea* ability, they are incapable by pieces of paper in stopping an aggravated act that hopes to proceed *even if* illegal and in violation of one's license.

**Verified RICO Complaint**

does bring up a **federal affirmative defense**[36], she is shut down at the very onset of

trying to do so, and all on such physical record to be produced by schedule, or on an

evidentiary order of the Court compiling the *sua sponte* areas of immediate concern

and balancing of the Parties' ability to make their claims in equal access, without yet

further harms, given all the harms, some of which just by invoking upon *plain*

physical documents, are likely to need correcting and reversing immediately.

### COUNT 40
**POST-TRAUMATIC STRESS DISORDER (Multi-composite, multi-affixed,
paralyzing primary witness-victims 70-100% following the Christmas attacks; then
30-50; others 0)**

241.   Plaintiffs reallege and incorporate the Paragraphs above.

242.   Even having been economically and emotionally attacked, Plaintiffs assume

certain *minimums*, not without grounds, as to the rule of law, certain protected rights,

and certain protections directly afforded by law.

243.   The RICO actions and underlying acts, as well as all harmful acts by the

Defendants compounded with irreparable harms and shockingly mysterious

violations and even complete absence of law to impose approximately 13 separate

traumas on Mr. Baqir alone, resulting in varying levels of paralysis from the

compounded traumas, affecting his concentration, hopes, and causing a great deal

of emotional injury and temporal impairments between 70-90%, which with Mr.

Ibrahim's love and help were able to reach about 30-50%. Ms. Sara's temporarily

reached 100%, and then remained 20-40%. Mr. Ibrahim's stayed between 50-85%.

---

[36] Thereby warranting this Court's nulling and void of all orders acquired via Mr. Sessions if after the physical date affixations timely preceding the actions for which protections are invoked, as well as all proceedings to that effect in violation of FCA retaliation as well as *clear* anti-witness crimes.

**Verified RICO Complaint**

244.   Heinous harm is plain and was caused in such manner by Defendants and causing injuries and damages on Plaintiffs by the use of illegally tangential filings and Courts, *prima facie*, *plain*, or *incontrovertible* in the evidence thereof and moreover in the numerous illegal acts committed to insure that by way of acting outside of license thru perjuries and fraud and means of silencing speech, they would effect the desired result of such proceedings *at any cost*, with truth, law, and rights being the *first* casualties of most of them.

245.   The acts against Plaintiffs likewise in the two months of December and January included two acts of terror for which the door had to be marshalled for two weeks, due to the appropriate government offices being closed, and given that a Clay County court had mysteriously issued an illegal order instead of hearing, just prior to the closing of all facilities, but **with the order staying live**.

**COUNT 41**
**Conversion**

246.   Plaintiffs reallege and incorporate the Paragraphs above.

247.   Defendants' unauthorized acts;

248.   Deprived Plaintiffs, predominantly Restorative Employees of their property rights and claims; moreover in manner void of due process and never in its jurisdiction given the facts *prior to their execution.*

249.   The deprivation is inconsistent with Restorative Employees, principally Mr. Ibrahim's ownership interest in the property, for which even by Florida standards could not even stay in a county court, but would start in the circuit, let alone that the Federal standards as to *False Claims Act* retaliation are uncompromisingly fatal to tangential actions, particularly where their *prior claim* is mentioned in such courts

**Verified RICO Complaint**

and without such courts given any deference to it, even when it is being shown *prima facie* in the courts it should not have to be shown at all. As to the federal OOJ and RICO, injunctions against further harm will first go to preserving decorum, stopping the continuation of offenses, and staying everything outside the Court.

250. The manner of damages and injuries to this effect warrant constructive, restorative, and reversing orders in line with evidence and with notable haste and perhaps appropriate temporary orders.

## COUNT 42
**Fradulent Misrepresentation And Concealment For and During Unlawful Sale
3339 Deep Water Court, Orlando, FL 32826**

251. Plaintiffs reallege and reiterate Paragraphs above.

252. Defendants committed fraudulent misrepresentation and concealment for and during unlawful sale. It was duty of Defendants to put on the record that the *Lis Pendens* and prior notices existed and endangered a *full claim* on the property. It was likewise their duty to inform consumers. While it is proven by auto-inference of being sold at market that consumer fraud is the *automatic presumption*, there is no need for inference here.

253. Sworn claims took place that no challenge upon the property existed.

254. Moreover it omitted that 5% ownership in the LLC owning this property was listed also as having an independent 5%, even though this also is not required.

255. The fraud is *plain* and on the record.

256. It caused damages of losing possession and title of this home moreover by Defendants prior action under RICO.

**Verified RICO Complaint**

257.    The Court should immediately restore and grant constructive trust to Mr. Ibrahim and declaratory uninterrupted legal possession and ownership since the original purchase, as by establishment of a plain RICO fraud by Defendants.

258.    Due to the abuses of power and process inherent, the Court should arrange that its Clerk appropriately take continued screenshots of documents pertaining to these properties so that further fraudulent changes can be monitored and found plain.

### COUNT 43
**Fraudulent Misrepresentation And Concealment For and During Unlawful Sale
2401 Island Club Way, Orlando, FL 32822**

259.    Plaintiffs reallege and incorporate all the above.

260.    Defendants engaged in an unlawful sale in which they did not meet the legal standard of revealing challenges, notably a *Lis Pendens* for the entire property, and appropriately placing such. Regardless all arguments would fail as the house was sold at market and thus is *plain* fraud. Nonetheless, the records too are falsified in violation of real estate license and in violation of title license and in violation of the attorney who will probably go down as one of the most notoriously felonious in history who brought it all about by only more of the same and all together rightfully fulfilling the very definition of a RICO enterprise carrying out a GRV scheme to such unheard-of lengths[37]

261.    Restorative Employees should be given the complete property to them under constructive trust and additionally the appropriate RICO level damages of triple the market plus triple the emotional and special damages, the highest special damage

---

[37] As it stands, this is one of the longest unhindered and *plainly* illegal retaliations in legal history. Moreover, it shows the hypocrisy of those organizations that swore to protect against these types of abuses, whether government or under license or otherwise, but the reality is laws have been treated like powerless pieces of paper.

**Verified RICO Complaint**

being Mr. Sessions damage of Mr. Ibrahim's credit as the only way for Mr. Ibrahim to

save the public, 2 governments, the rule of law, the protections of law, and the lives

of 10 known and 300 unknown victims, as well as the interests of justice and the

public. And such a thing is not easy to restore but would require declaratory relief in

addition. It is preferred the Court make its own motions on anything being plain or

compel that Mr. Ibrahim produce for its own decorum. In that manner too,

Defendants will be more reserved in yet causing more harm, though it is hopeful that

*some* sua sponte injunctions protect against this by the Court, and for which this

Complaint is made with some degree of "rush", precedingly to waiting for yet more

counts to occur while acquiring an attorney, counts that may altogether Mr. Ibrahim

even from the home that Mr. Ibrahim is in now if not with some preservatory

injunctions of the Court if nothing else.

## COUNT 44
**Duress to illegally remove Mr. Ibrahim and Mr. Baqir from their home in fraudulent and illegal manner by concealment of the *mens rhea* provided and the original letter to Employer; created Duress of having to ruin Mr. Ibrahim's credit just to save the lives and wellbeing of multiple known and unknown individuals**

262.  Plaintiffs reallege and incorporate everything above.

263.  Original letter is commanding and was sent certified and will be produced at slow

or accelerated pace for the Court[38], or on a schedule, or on a hearing for schedule of

---

[38] Unless mandated by Court to lessen the overuse of its resources by quick perjury counts, Plaintiffs will submit evidence on a schedule of Court or first with those most readily available and either incontrovertible or *plain* so as to get injunctions as well, though we are hopeful Court at least provide general injunctions against specific illegal acts, even though the acts are unlawful as it provides a degree of protection and validation, not necessarily of Plaintiffs, but of the rule of law, which for most licensed professionals is not an issue, but that is hardly the case here.

**Verified RICO Complaint**

discovery, interventional discovery, RICO powers discovery, and what evidence can best precede a jury trial for the sake of injunctions or appropriate remedies.

264.    Defendants, rather the RICO enterprise's fraud by concealment and whatever manner of fraud upon the Court or other element were at work so as to provide no due process and nonetheless endanger property created a situation that was not only harmful for its timing in causing tremendous trauma, but what elongated that trauma to this day most of all is that Mr. Ibrahim had to harm his credit under duress of saving his life, 11 other lives, evidence, interests of justice, interests of the public, public health as a whole, faith in the protections and rule of law, as well as to protect the public, particularly the unknown, approximately 300 out of a 15,000 segment, but in the larger picture, the hopes of similarly affected and illegally and improperly-so individuals be they crime witness-victims, substance-abuse rescuers from enablers, rescuers from illegal activities, whistleblowers, true interventionists that live up to law and not just power or money or influence.

265.    That such relief be provided by the court in declaration and that Defendants, and predominantly Mr. Sessions be made to pay the enormous damages and injuries caused thereof in addition to any other relief available to Plaintiffs.

### COUNT 46
**Indefinite And Irreparable Harm And Injury By Attorney Misconduct Creating An Increasingly Vicious Cycle Of Both Legal Malpractice on his own Client, whether known to his client or otherwise, as well as great harm to Plaintiffs and the interests of the public, For His Own Profit**

266.    Plaintiffs reallege and incorporate all the above.

267.    Attorney misconduct of Mr. Sessions in violation of the Florida Bar guidelines both as to his own client, for which Mr. Ibrahim declares, by intimate knowledge,

**Verified RICO Complaint**

created enormous losses to the health, longevity, and financial state of his own client, while likewise creating, by attorney misconduct, losses in Plaintiffs, predominantly Restorative Employees, including even completely illegal and fraudulently acquired harms on property; on their homes, while Mr. Ibrahim was likewise aware that these were the *least valuable* entities form which to attempt to make any financially sound reason for doing so.

268.   That upon such showing by the evidence, the Court correct in so much as possible all manner of harm carried out for the RICO enterprise in its GRV scheme, by the actions or negligence of Mr. Sessions.

### COUNT 47
**Persistent And Aggravated Harm By The RICO Enterprise On Being Informed Of Plaintiffs' Additionally "Protected" Position Of Being Crime-Witness Victims And In That Capacity**

269.   Plaintiffs reallege and incorporate the above.

270.   Defendants had a duty to exercise halt or face liability upon certain informations. Attorney Defendant needed only to act upon that which was *plain* and has no duty to investigate, under normal conditions, none of which were normal in this case, but nonetheless nothing could be more plain to him, as we were the *Last Stand* loyalists, while the Attorney maintained relationship with likewise the Employer and thus also our interests. While this is a plain criminal standard it is most certainly a civil one for the numerous injuries and damages caused as a result.

### COUNT 48
**Perjury On Documents[39]For The Illegal And Fraudulent Transfer Of The Real Property Of 3339 Deep Water Ct, Orlando, FL 32826**

271.   Plaintiffs reallege and incorporate the above.

---

[39] It is recognized that this claim can create a manifest evidentiary order for the document to be shown to the Court immediately because it claims an incontrovertible act at high risk of compromising decorum and integrity.

**Verified RICO Complaint**

272.   Defendants had duty not to commit perjury; not to swear falsely on documents; particularly as attacking the interests of Plaintiffs; and particularly where the United States is named therein; and particularly as protecting constitutional due process before endangering one's property; which in this case was the one for which Mr. Ibrahim would visit his kids in Orlando and from which following the complete transfer was also to expand business thereof, by the words out of Employer's mouth. And if anyone doubts, the Document is clear. Employer therein swore to something that was *plainly* false. Not only was Employer aware of the threats existent on that property by way of *Lis Pendens* but moreover by letters to him specifically regarding it and the laws that bar its transfer and moreover claiming therein the portion owned by Mr. Ibrahim, which had already been transferred.[40]

273.   Proceeds should return to defrauded buyers along with the appropriate therapeutic provisions as customary.

## COUNT 49
### Perjury On Documents[41]For The Illegal And Fraudulent Transfer Of The Real Property Of 2401 Island Club Way, Orlando, FL 32822

274.   Plaintiffs likewise reallege and incorporate all the above, inclusive of 1 thru 84, all paragraphs thereafter, and **specially reincorporate** by a "magical" yet verifiable

---

[40] This is the Medallion standard for a Whistleblower *plain* discovery for all declaratory relief possible and for the crime witness-victims thereof. Wherein a document can be danced at by a third party to incontrovertible perjury is the most powerful legal standard in all of law, at the very least for which the greatly disadvantaged parties should bear *presumption* as decorum is gone and integrity sacrificed at the very inception of proceedings.

[41] The On Documents perjury claim because it would create a *mandatory* presumption of all accusations being in favor of Plaintiff and thus all injunctions necessary with bond factors non-existent for the sake of *measure*, could cause an immediate order or the summons-with-document-contingency to hit Mr. Ibrahim and bring him to the Court if claiming possession of the documentary basis or the ability to point out the documents, and likewise for the protection of the courthouse and public, or the discrediting of Plaintiff, in addition to other liabilities, as once sworn the Court cannot control the fact that it is thus a completely polarized claim that may coincide with the Court issuing *tiers* of declaratory relief so long as Plaintiffs' integrity remains unquestionably presumed, and it can be tied to law in favor of integrity.

**Verified RICO Complaint**

69

legal device, **paragraph 269 above** and allege it as against themselves to be the case *likewise* for this property, of which a constructive trust be granted immediately under the unappealable doctrine of incontrovertibly established presumptions when the damages and injuries exceed even the value of constructive trust, even by the most minimal standards, and where **irreparable in harm** to only *one side of the Parties,* followed by RICO damages and the presumptions of Court.

275.   Proceeds should return to defrauded buyers and with the appropriate therapeutic provisions as appropriate as they likewise become crime witness-victims of Defendants by such, only enlarging the RICO implications, per the classic RICO relationship of individual to company to attack on property; predicate acts underlying.

### COUNT 50
**Utilization Of Consumer Fraud In Violation Of The Duties Of A Realtor And Title Companies or Acting-as-Such To Carry Out Harm On Plaintiffs via the Properties involved**

276.   Plaintiffs reallege and reincorporate all the Paragraphs above.

277.   Realtors have duties against consumer fraud and informing on what he knows as a full and complete challenge to a property, and not merely the likes of a construction lien, or a lien for an unpaid bill. Title companies and their appropriate representatives have duty to verify not solely on a swear but on the actual records present in the record. Attorneys thereof likewise have duty to exercise a minimal check of records, the first of which show full encumbrance threatened under *Lis Pendens* and cited to law, thus carrying breach-of-duty liability in the capacity of *title company*.

**Verified RICO Complaint**

278. Both were violated here, *plainly*. May the Clerk begin placing recorders daily in Orange County, Duval County, Clay County for the addresses and the powerful forms of manipulation that may be attempted. The proof is immediate.

279. That for the damages and injuries thereof, and by such further harms of the GRV scheme, the Court presumably injunct against such licenses and grant maximal remedies to such properties with Plaintiffs providing timeline of not traumatizing new victims created by the Defendants, in line with their whistleblower, protect-all-humanity, protect-all-life, protect-rule-of-law, protect-weak-and-strong, trained and upheld duties, globally for the United Nations, likewise for the United States, and likewise for Florida, with likewise appropriations of injunctions on Defendants to likewise have to inform and correct the matter with the defrauded Buyers who will quite possibly have damages of their own against after the special-investigative discovery of presumption is granted by the Court; with 2401 being company rentals and so not of irreparability, but with a degree of doubt.

280. Proceeds should return to defrauded buyers.

## COUNT 51
### Unjust Enrichment

281. Plaintiffs reallege and incorporate all the Paragraphs above.

282. Restorative Employees conferred a benefit on Rescued Entities, who had knowledge thereof;

283. Rescued Entities voluntarily accepted and retained the benefit conferred

284. The circumstances render the Rescued Entities retention of the benefit inequitable unless the Rescued Entities pay to the Restorative Employees the value of the benefit.

**Verified RICO Complaint**

71

## JURY DEMAND

Plaintiffs hereby demand a jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray the Court grant the following relief:

285.   For a temporary restraining order of 14 days and setting hearing for Defendants' relief thereof or for subsequent preliminary injunction, if and when such hearing is held, ordering a stay on any lower court proceedings, jurisdictional bar on initiating any tangential proceedings on the matters or parties herein, as well as ordering that no attempts are made to squander or transfer any of Rescued Entities' properties or equity in such way that would jeopardize, decrease, or diminish relief for Plaintiffs, and with the other Defendants not making effort to transfer or manipulate their funds or properties in such manner that evades the payment of their liabilities, as well as for all Defendants, and any entities, person, or officers under their control to be barred from all forms of retaliation even in manner claimed, if exacerbating upon them, and likewise not to influence by any party or person that similar or subsequent harms or retaliations against Plaintiffs continue to take place. That #298 below be part of such order as a 20 days summons is more than enough to cause yet more harm violating the privacy, identity, and accounts related to the affairs and restoration as well as HIPAA, copyright, and trademark protections thereof, with

**Verified RICO Complaint**

change-of-email options to be provided for accounts newly created after June 15, 2021, or with all therein items to be preserved without any further tampering and without further attempts to use such trademark of Plaintiffs or invade upon their rights and restorations, while being free to move accounts newly created after the date above to a new email and only accessing for that purpose alone, or otherwise to be subject to violating the Court's order and all such related counts as appropriate by new incident and with all accomplices subject to new liabilities. That #306 below be included in the temporary order, in whatever miniscule format possible or by a summons or inquiry that is available to all parties, unless absolutely HSM (High Sensitivity Material).

286.   Finding that all defendants are jointly and severally liable for all damage caused to Plaintiffs;

287.   Pre-judgment interest according to 18 U.S.C. § 1964(c);

288.   Imposition of constructive trusts;

289.   An order furthermore that constructive trust be issued on the last home remaining, for the complete ownership of Mr. Ibrahim, or otherwise that any attempts to seize it or claim possession upon it be indefinitely stayed.

290.   An order to preserve and respect the decorum while in Court at the Middle District courthouse in Orlando; likewise where victims, witnesses, and Plaintiffs will have easiest access to the Court, while likewise for about half of Defendants, as well as being the place of two alleged real estate frauds as above.

291.   An order declaring Plaintiffs as crime witness-victims and Restorative Employees as both that and protected employees under the *False Claims Act* and thus entitled

**Verified RICO Complaint**

to the rights thereof and likewise an order to Defendants to respect those rights in their entirety and not take any actions to try to infringe upon those rights any further nor to harass or further harm Plaintiffs, who are already at grave disadvantage for what illegal harms were allowed to take place under the GVR scheme.

292.   An order for Employer's complete rehabilitation to his authentic persona as known by Mr. Ibrahim and Mr. Baqir, of at least 1 year, and under their assistance and supervision with additional Order of the Court protecting them and Employer by harm from enablers subsequent to the establishment of the rehabilitative order and likewise that Employer's retirement plan and remaining steps come to fruition in as much as possible and with the appropriate fractions that would represent the but-for standard and subject to CFP guidelines and with Employer's rehabilitation likewise including a stage of acceptance of responsibility and a stage of victim awareness and reparations, and with such reparations being carried out as much as possible, in so much as they are not satisfied by the remedies available or ordered, while still keeping Employer and restoring to maximal health and longevity and with Employer forever barred from the use of exogenous testosterone but not from the increase of endogenous testosterone, under the evidence-based research of Mr. Ibrahim, John Hopkins, and Mayo Clinic, and a physician all of which under knowledge and acceptance of prior abuse thereof and the harms it caused, as likewise in many other cases of Mr. Ibrahim's notable and rising research, although always under the order and care of a licensed physician. With further Order that Mr. Ibrahim and Mr. Baqir shall bear presumption in their favor and Employer likewise be required to

**Verified RICO Complaint**

entertain, the barring of any and all enablers without reparation and educational clearances and initially under their supervision.

293. Awarding Plaintiffs what litigation expenses have or end up being incurred, including reasonable attorneys' fees, costs, and disbursements;

294. which enjoins permanently and restrains during the pendency of this action, Defendants and other persons acting in concert with them from intentionally or negligently inflicting further acts of retaliation, emotional distress, or equitable injury thereof.

295. Order freezing and preserving all identifiers, accounts, emails, conduits alleged to be stolen and in a format that preserves their privacy and form and are no longer used and fully returned to Restorative Employees without further theft, alterations, or violations of privacy, and with Restorative Employees determining if anything therein does not belong to them. An Order likewise deeming all such materials and all related materials to such items claimed as stolen herein or more specifically otherwise as confidential, solely owned by Restorative Employees with the exceptions above to be made by them and their experts.

296. An Order that all harms herein sustained by Plaintiffs were a violation of their statutory protections under law and thus all third parties should take measure of rectifying and reversing, to the best of their ability, any harms thus sustained such as on Mr. Ibrahim's credit and his prior-to-contract owned house of 3155 Wavering Lane, Middleburg, FL 32068.

297. On Count 1, front pay in place of reinstatement, given other threatening concerns, two times back pay, interest on the back pay, and compensation for pain

**Verified RICO Complaint**

and suffering, reputational damage, and all other damages sustained by Plaintiffs, including by such retaliation's criminal severity of damages.

298. For specific performance, as to monetary, and constructive trusts, as to equitable, to reverse unjust enrichment.

299. For damages, as applicable herein, to be determined by jury, according to proof.

300. An award of reasonable attorneys' fees and costs, in anticipation thereof; and

301. For such additional relief as the Court deem just and proper.

302. If not otherwise by jury then by the granting of compensatory treble damages of not less than $60,000,000, assuming all constructive trusts, reversals, and restorations are *otherwise* granted. To the extent otherwise not granted, compensatory treble damages of $120,000,000.

303. An Order that any retaliatory actions by Defendants for the filing of *this* Complaint; Defendants who have proven to be experts in guising retaliatory actions under color of law or "legitimate" purposes or under violation of their license and even plain perjuries and frauds, as represented by the 51 counts above will be subject to Default Judgment against them in addition to Contempt of Court for all counts herein, and that no "legal" excuse bear any exception to this Order. Moreover that all evidence is to be preserved and if any tampering of witnesses or evidence, harassment of witnesses or their interests occurs, or "legal" methods aimed to further harm them, public corruption, retaliation, and abuse of process will be presumed against such actors, with the exception that any such action in the interim claiming to be "legal" pass solely and in the first instance thru this Court and in plain view and apposition of Plaintiffs, while maintaining any confidentiality or privacy

**Verified RICO Complaint**

implications thereof; regardless that in the interim a *presumption* of malice and retaliation shall rest on any action taken against Plaintiffs, if in any way appearing to be due to this complaint, for which this Court will make declarations of presumption and contempt for the immunity and protections of all rights and interests of the crime-witness victims and protected employees herein as well as the similarly affected of the public when for the claims herein and that following any such suspicion of public corruption, U.S. Marshalls and military protections will be afforded as necessary within a 5-mile radius, including that of the courthouse, due to the prior courthouse attacks in two counties and one federal, likewise that the Court declare such entities of harm part of the RICO enterprise declared herein and declare their aggravated acts in violation of court order to be part of the GRV scheme and likewise shall be declared an act of terror recommending life imprisonment of all entities and enablers of those involved and with the Court declaring Plaintiffs as the living government of Florida and the United States, as required per the law in situations where rule of law is absent or presumed corrupt or subject to abuses of power, until the rule of law can be restored, and with such Declaration encouraging the awarding of medals of honor, merit, and recognition for any that further the protections of the rights of Plaintiffs and the related crime witness-victims in this regard and with all Defendants to be placed under immediate lockdown by the U.S. Marshalls, National Guard, or military personnel to protect OIG HHS sensitive materials as to victims, for the restoration of victims, and as to the public, and the restoration of the public, until the rule of law is restored and non-corrupt or non-malfeasant agents of the federal and state government can arrive and

**Verified RICO Complaint**

on recommendation of this Court file maximal criminal RICO charges upon

defendants and *all* their accomplices, even if not defendants in this action, and with

all prior relief herein requested immediately granted in favor of Plaintiffs, and further

ordered to be carried out with the help of and not the hindrance thereof, by

government, in that regard.

DATED this 13th day of October, 2022.

By:

/s/ *Syed I. Hussain*

SYED IBRAHIM HUSSAIN, 2339 Glenfinnan Dr., Orange Park, FL 32073
*Sui Juris*
Pro-Se Litigant
Clay and Orange County RRR[42]
(904) 614-6557
mms-renovation@outlook.com

/s/ *Syed M. B. Hussain*

SYED MUHAMMAD BAQIR HUSSAIN, 1456 Via Sangro Place, Winter Park, FL, 32792
*Sui Juris*
Pro-Se Litigant
Orlando, FL
904-708-3243
baqrehabalt@yahoo.com

/s/ *Syeda S. Hussain*

SYEDA SARA HUSSAIN, 1456 Via Sangro Place, Winter Park, FL, 32792
*Sui Juris*
Pro-Se Litigant
(in trauma-recovery or by scheduled appearance)[43]

---

[42] Rehabilitative Response Ready
[43] **Wit-Elim Recovery Unit – Trauma One – courtesy of the US Air Force** for crimes of government involving a rogue DEA agent that violated a raid order and a rogue "investigator" A.B. at the Department of Healt– coming forth via separate cases (initially **100% trauma paralysis** by measure of witnessing ability for restoration, following the Christmas attacks of Mr. Sessions in collaboration with an illegal

**Verified RICO Complaint**

904-947-1816 (Secure Line – will redirect you to her – SMS preferred)
Sara207294@gmail.com


/s/ *Brian Guex*

BRIAN GUEX, 1456 Via Sangro Place, Winter Park, FL 32792
Pro-Se Litigant
Orlando, FL
(407) 754-5964
Previous Employee and Assistant to Mr. Ibrahim in the Restoration Agreement
Intelligence Support


/s/ *Roselene Guex*

ROSELENE GUEX, 1456 Via Sangro Place, Winter Park, FL 32792
Pro-Se Litigant
Orlando, FL
(407) 340-4221
RICO Crimes Witness-Victim and Claimant to some of the counts
Mother of America's Leading Whistleblower and eligible for Whistleblower of the
Century

---

judgment issued by a county judge who was *never* reprimanded and who 3 judges on the 1st DCA *mysteriously* affirmed, creating the first time in Florida history that an *upheld* judgment resulting in acts of terror and jeopardizing rights to property on the fraudulent concealment of an attorney and the exclusion of affirmative defenses and hearing was allowed to take place in *less-than-summary* fashion and without hearing under *no basis in law* and with *no due process*; and also by Florida's own Supreme Court ruling *having no jurisdiction* from which to effectuate judgment; as well as the very stern federal rulings as to FCA jurisdiction violations); while witnesses were made to sit on the Mother Notice Document waiting for an evidentiary hearing that never occurred and an appeals court that can't hear on a document one never got the hearing for anyway.

**Verified RICO Complaint**

## VERIFICATION

I, Syed Ibrahim Hussain, declare as follows:

1. I am *sui juris*.

2. I am a Plaintiff in the present case and a native-born, multi-racial, multi-lingual, gifted-legal, gifted-intelligence, citizen of the United States of America, born and raised in Miami, Florida.

3. I am both RIA(Registered Investment Advisor) – eligible, a CFP(Certified Financial Planner)-in-training, and I have, in the past, completed a Bachelor of Science in Biology at the University of Florida, as well as three years of medical school.

4. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *Verified Complaint and Request for Injunction*, and if called on to testify I would competently testify as to the matters stated therein.

5. I have personal knowledge of the activities, in regards to myself, the other Plaintiffs, and the Defendants, which in the case of Employer and Rescued Entities is of the highest order, including for the allegations set out in the foregoing *Verified Complaint and Request for Injunction*, and if called on to testify I would competently testify as to the matters stated herein.

6. I verify under penalty of perjury under the laws of the United States of America that the factual statements and allegations in this Complaint, for which I have **personal eye-witness (Grade-3 Indomitable[44] Intelligence) knowledge** are true and that I likewise believe any other allegation therein to be true based on the evidence available thereof.

       Executed on October 11, 2022.


/s/   *Syed A. Hussain*
_____
Syed Ibrahim Hussain

---

[44] Non-exceedable record of loyalty and intelligence as the most intimate witness in the continuously obstructed *life-saving* state of a loved one.

**Verified RICO Complaint**

## VERIFICATION

I, Syed Muhammad Baqir Hussain, declare as follows:

1. I am a Plaintiff in the present case, a citizen of the United States of America, and a resident of the State of Florida.

2. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *Verified Complaint and Request for Injunction*, in which I, personally, or Plaintiffs together, are mentioned, and if called on to testify I would competently testify as to the matters stated therein, for which I have the second-highest knowledge and exposure, in spite of some sustained trauma emotional paralysis from the "Christmas attacks".

3. I have personal knowledge of the activities, in regards to myself, the other Plaintiff, and the Defendants, including for the allegations set out in the foregoing *Verified Complaint* and if called on to testify I would competently testify as to the matters stated therein.

4. I am *coram nobis*. I am in a state of multi-PTSD depression, recovering from multiple traumas, though unsuccessfully due to the anti-witness attacks of predominantly Mr. Sessions, once taking lead of the RICO conspiracy.

5. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Complaint* concerning that which I have personal knowledge to be true and correct and that I likewise believe that any other factual statement thereof to be true based on the evidence available to Mr. Ibrahim thereof.

Executed on October 11, 2022.

/s/ *Syed M. B. Hussain*

Syed Muhammad Baqir Hussain

**Verified RICO Complaint**

**VERIFICATION**

I, Syeda Sara Hussain, declare as follows:

1. I was thought to be "eliminated" by the *second* definition of witness elimination under the law, in the illegal Christmas attacks that now have the entire judiciary of the State of Florida under JRE and FBI public corruption scrutiny and surveillance for what may become the largest JRE suit in the history of Florida. The laws on paper simply did not and *do not* match the actions of the judiciary or those of law enforcement nearly *at all*.

2. I have been illegally kicked from two homes in which I have tried to find solace over some six years, and thru no fault of my own, but by the mere frauds of an attorney, and the equivalent of a comatose judiciary; the most horrendous display of (the lack of) law in American history.

3. I am a Plaintiff in the present case, a U.S. citizen, and a Florida resident.

4. Though I am Wit-Pro, I cannot appreciate enough the love and support that finally showed up even after enduring 7,684 felonies in broad daylight and in *plain view* of the State of Florida and the United States over the course of some 18 months on approximately 313 victims of the public from almost *every single* type of officer, and nearly *every* judiciary human; honorable certainly but human nonetheless.

5. My knowledge of the above is limited to those instances and counts for which I was witness or victim or both. Ironically I am victim to nearly *all* the counts above without much knowledge as to *why* in regards to many of them, if not for guidance by my dad. To this day, he entertains an officer and a provider who hardly have a clue from here to Mars as to what he and this family has been through, or they'd likely make him a trophy themselves. I can't imagine the strength it takes of him to bear all that alone, though nonetheless for his family, but in such way that he has to bear humiliation and gas-lighting while doing so. I honestly don't think I would ever that kind of strength. I don't think there's enough medals in all the world for what builds a human to that level of Godliness in the face of everything but.

6. I verify under penalty of perjury that which is of my knowledge and interaction and most of all as to how this has affected the Plaintiffs involved.

Executed on October 11, 2022.

/s/   *Syeda S. Hussain*
_____
Syeda Sara Hussain

**VERIFICATION**

**Verified RICO Complaint**

I, Brian Guex, declare as follows:

1. I am *sui juris.*

2. I am a Plaintiff in the current case and a U.S. citizen and Florida resident.

3. I graduated from Trinity Christian Academy and was a student at UCF (University of Central Florida). I am one of Mr. Ibrahim's brothers.

4. I am an experienced salesperson in the solar energy market in Orlando as well as having founded a soccer league, recruiting players from around the world, and also playing on one of the teams, with Mr. Baqir above.

5. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *Verified Complaint.* If called on to testify I would competently testify as to the matters stated therein.

6. I verify under penalty of perjury under the laws of the United States of America that the factual statements and allegations in this Complaint, for which I have personal knowledge are true and that I likewise believe any other allegation therein to be true based on the evidence available thereof. Executed October 11, 2022.

/s/ *Brian Guex*

Brian Guex

**Verified RICO Complaint**

## VERIFICATION

I, Roselene Guex, declare as follows:

1. I am a Plaintiff in the present case, a U.S. citizen, and Florida resident.

2. I am a licensed childcare provider with over 30 years of experience and numerous certifications and awards.

3. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *Verified Complaint*, for which I was present to witness, and if called on to testify, would competently testify as to the matters stated therein.

4. I have personal knowledge of the activities, in regards to myself, the other Plaintiffs, and the Defendants, when personally witnessed by Mr. Ibrahim, for the allegations set out in the foregoing *Verified Complaint*, and if called on to testify, would competently testify as to the matters stated therein.

5. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Complaint* concerning that which I have personal knowledge to be true and correct and that I likewise believe that any other factual statement thereof to be true based on the evidence available to Mr. Ibrahim thereof. Executed this 11th of October, 2022.

/s/ *Roselene Guex*
Roselene Guex

**Verified RICO Complaint**

84