**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SYED IBRAHIM HUSSAIN, SYED
MUHAMMAD BAQIR HUSSAIN,
SYEDA SARA HUSSAIN, BRIAN
GUEX and ROSELENE GUEX,

        Plaintiffs,

v.                                                 Case No:   6:22-cv-1886-CEM-LHP

H. JAMES STADELMAN, INTERVAL
TITLE SERVICES, INC., JONATHAN
BLOOM, KHALID MUNEER,
JUPITER PROPERTIES, INC., JERRY
LADELLE SESSIONS, II , PRIME
INTERNATIONAL PROPERTIES,
LLC, PRIME INTERNATIONAL
PROPERTIES DUVAL, LLC, PRIME
INTERNATIONAL PROPERTIES
CLAY, INC., FAMILY MEDICINE
AND REHAB, INC. and SYED SAJID
HUSSAIN,

        Defendants

**ORDER**

On October 13, 2022, Plaintiffs, proceeding *pro se*, filed a complaint against Defendants which, in sum, alleges conspiracy resulting in an order of eviction and writ of possession to remove Plaintiffs from their residence. Doc. No. 1. *See also*

Doc. No. 8. On November 9, 2022, Plaintiffs filed an emergency motion seeking three forms of relief: (1) Temporary Restraining Order with Order to Show Cause, (2) Stay of Execution on Writ of Possession, and (3) Order to Rapidly Locate and Serve Defendant Jerry Sessions via U.S. Marshal, Deputy Marshal, or Special Appointee. Doc. No. 7. Upon consideration, the Court denied the first two requests as barred under the *Younger* abstention doctrine. *See* Doc. No. 8. But, to the extent that the motion requests that the United States Marshal serve Defendant Sessions, the Court referred the motion to the undersigned for disposition. *See id.* at 3–4.

On review, the request for the United States Marshal to serve Defendant Sessions will be **DENIED without prejudice**. First, the request fails to comply with Local Rule 3.01(a) because it does include a memorandum of legal authority in support. *See* Doc. No. 7, at 3, 6, 64–66. Second, to the extent that Plaintiffs are requesting service by the United States Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3), Plaintiffs have not established such process is necessary. *See generally Prosperous v. Todd*, No. 8:17-cv-996-T-33MAP, 2017 WL 2291367, at *1 (M.D. Fla. May 25, 2017) ("[A] plaintiff requesting appointment of the United States Marshal in order to comply with the service requirements of Rule 4 must provide a factual basis for why a court order is necessary to accomplish service."). *See also Nappi v. Welcom Prod., Inc.*, No. 8:13-cv-3183-T-33TGW, 2014 WL 2050826, at *2

(M.D. Fla. May 19, 2014) (denying motion for service by the United States Marshal where the plaintiff was not authorized to proceed *in forma pauperis*, and there was no indication that appointing the United States Marshal under Rule 4(c)(3) would result in a different outcome than utilizing a private process server).[1]

Any renewed request for service by the United States Marshal must include a memorandum of legal authority as required by Local Rule 3.01(a) and demonstrate entitlement to the relief sought.

**DONE** and **ORDERED** in Orlando, Florida on November 10, 2022.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Plaintiffs reference exhibits attached to the motion to state that Mr. Sessions has been evading service. *See* Doc. No. 7, at 7. But, from those exhibits, it appears that Plaintiffs have only been attempting service on Defendant Sessions since October 23, 2022. *See id.* at 49–53.