# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SYED IBRAHIM HUSSAIN, SYED
MUHAMMAD BAQIR HUSSAIN,
SYEDA SARA HUSSAIN, BRIAN
GUEX and ROSELENE GUEX,

        Plaintiffs,

v.                                                    Case No:   6:22-cv-1886-CEM-LHP

H. JAMES STADELMAN, INTERVAL
TITLE SERVICES, INC., JONATHAN
BLOOM, KHALID MUNEER,
JUPITER PROPERTIES, INC., JERRY
LADELLE SESSIONS, II , PRIME
INTERNATIONAL PROPERTIES,
LLC, PRIME INTERNATIONAL
PROPERTIES DUVAL, LLC, PRIME
INTERNATIONAL PROPERTIES
CLAY, INC., FAMILY MEDICINE
AND REHAB, INC. and SYED SAJID
HUSSAIN,

        Defendants

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:  DEFENDANTS JAMES STADELMAN AND INTERVAL TITLE SERVICES, INC.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT (DOC. 46) (Doc. No. 50)**
>
> **FILED:      February 1, 2023**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.      INTRODUCTION.

Plaintiffs Syed Ibrahim Hussain, Syed Muhammad Baqir Hussain, Syeda Sara Hussain, Brian Guex, and Roselene Guex, all appearing *pro se*, instituted this action on October 13, 2022 against the above-named Defendants.   Doc. No. 1.   On November 9, 2022, Plaintiffs also filed an emergency *ex parte* motion for temporary restraining order, stay of execution on writ of possession, and to "rapidly locate and serve Mr. Sessions via U.S. Marshall, Deputy Marshal, or Special Appointee."   Doc. No. 7.   Upon consideration, the Court denied that motion in its entirety.   *See* Doc. Nos. 8–9.   Thereafter, three Defendants appeared in this matter and filed motions to dismiss—Jonathan Bloom, Interval Title Services, Inc., and H. James Stadelman. Doc. Nos. 14, 24.   Plaintiffs also filed an emergency motion for reconsideration of the Court's denial of the temporary restraining order.   Doc. No. 21.

On November 22, 2022, the Court denied the motion for reconsideration, granted the motions to dismiss, and dismissed Plaintiffs' complaint as a shotgun

pleading, with leave to replead.   Doc. No. 30.   The Court found Plaintiffs'
complaint "largely unintelligible," "a confusing jumble of legal terms used out of
context along with unrelated, incendiary accusations," that it improperly
reincorporated allegations throughout, and impermissibly lumped Defendants
together without explaining what actions were attributable to which Defendants or
how some Defendants were even involved at all.   *Id.* at 2, 9.   The Court dismissed
the complaint in entirety as a shotgun pleading (*sua sponte* as to the non-appearing
Defendants), and allowed Plaintiffs to file an amended complaint.   *Id.* at 10.

On January 19, 2023, Plaintiffs timely filed an amended complaint.   Doc. No.
46.   *See also* Doc. Nos. 30, 42, 45.   The same day as the filing of the amended
complaint, Plaintiffs filed a motion for Clerk's default against all of the Defendants
who have not yet appeared.   Doc. No. 47.   Defendants Jonathan Bloom, Interval
Title Services, Inc., and H. James Stadelman again filed motions to dismiss.   Doc.
Nos. 50, 54.   Pursuant to a Stipulation of Dismissal, however, Jonathan Bloom has
been terminated as a Defendant, rendering his motion to dismiss moot.   Doc. Nos.
70–72.   So, the only motions pending before the Court at this time are the motion
to dismiss by Interval Title Services, Inc. and H. James Stadelman (Doc. No. 50), to
which Plaintiffs have filed a response in opposition (Doc. No. 56), and Plaintiffs'
request for Clerk's default against the remaining Defendants (Doc. No. 47), both of
which have been referred to the undersigned.

The amended complaint is a 68-page, 293-paragraph document, contains 39[1] causes of action, and includes over 140 pages of attachments. Doc. No. 46. As relevant to resolution of the motion to dismiss, the factual allegations of the amended complaint in large part mirror those in the initial complaint. *Compare* Doc. No. 1, *with* Doc. No. 46. As the Court previously summarized:

> Plaintiffs allege that Plaintiff Syed Ibrahim Hussain ("Ibrahim Hussain") was previously employed by Defendant Syed Sajid Hussain ("Sajid Hussain") to run several businesses, and as part of his compensation, Ibrahim Hussain was allegedly promised that he and his family could live in certain properties and that ownership of those properties would, at some point, be transferred to Ibrahim Hussain. Plaintiffs further allege that Sajid Hussain began abusing drugs in April 2020, which caused a rift between him and Ibrahim Hussain. Plaintiffs allege that during this time Sajid Hussain would "continually insist[] on [unlawful] leases," presumably relating to the previously-referenced properties, to which Ibrahim Hussain objected. Plaintiffs allege that Sajid Hussain retaliated against Ibrahim Hussain by putting some of the properties up for sale that were allegedly promised to Ibrahim Hussain, and ultimately constructively discharging "Plaintiffs."

Doc. No. 30, at 2–3 (record citations and footnote omitted). *See also* Doc. No. 46 ¶¶ 36–65. Allegedly retaliatory evictions were thereafter filed in state court. Doc. No. 46 ¶¶ 66–73. *See also* Doc. No. 30, at 3. Plaintiffs' operative complaint, Doc. No. 46, attempts to rectify some of the deficiencies set forth by the Court, *see* Doc. No. 30, but, for the reasons discussed herein, it remains a shotgun pleading, and the

---

[1] Although the causes of action are labeled Count 1 through Count 51, there are no Counts 18–20, 25, 33–37, 42, or 45–46. *See* Doc. No. 46.

undersigned will recommend that it be dismissed without further opportunity to replead.

## II.   LEGAL STANDARDS.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   Additionally, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."   Fed. R. Civ. P. 10(b).   Although a court must accept as true well pleaded allegations, it is not bound to accept a legal conclusion couched as a factual allegation.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Id.* (quoting *Twombly*, 550 U.S. at 555).   A pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   For purposes of this analysis, exhibits attached to the complaint are "part of the pleading for all purposes."   Fed. R. Civ. P. 10(c).   *See also Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) ("[D]ocuments attached to a complaint or incorporated in the

complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6).").

"A complaint that fails to comply with Rules 8 and 10 may be classified as a 'shotgun pleading.'" *Luft v. Citigroup Glob. Mkts. Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015).[2]  Shotgun pleadings generally present in one of four ways: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "into a different count each cause of action or claim for relief"; and (4) complaints containing "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).  Each of these types of pleadings fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id.* at 1323.

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."  *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662. *Pro se* parties must comply with the minimum pleading standards set forth in the Federal Rules of Civil Procedure and the Local Rules. *Nawab v. LVNV Funding LLC*, No. 5:12-cv-129-Oc-10PRL, 2012 WL 12918283, at *1 (M.D. Fla. Nov. 19, 2012).

## III.   ANALYSIS.

As noted above, this matter comes before the Court on Defendants James Stadelman and Interval Title Services, Inc.'s motion to dismiss (Doc. No. 50) and Plaintiffs' opposition (Doc. No. 56), and the remaining Defendants (outside of Jonathan Bloom) have not appeared in this matter. Upon review, the motion to dismiss is well taken because Plaintiffs' amended complaint is a shotgun pleading for the same reasons previously set forth by the Court. *See* Doc. No. 30. Therefore, I will recommend that the Court grant the motion to dismiss (Doc. No. 50), and further recommend *sua sponte* dismissal of the amended complaint as a shotgun pleading as it applies to the remaining Defendants. *See* Doc. No. 30, at 7. *See also Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1332 (11th Cir. 1998) (recognizing district court's obligation to address shotgun pleadings *sua sponte*); *Rodriguez v. Scott*, 775 F. App'x 599, 600 (11th Cir. 2019) (affirming *sua sponte*

dismissal of amended complaint as an impermissible shotgun pleading); *Hewlett Packard Enter. Co. v. Digicom Tech., LLC*, No. 6:18-cv-1847-Orl-40GJK, 2018 WL 7412892, at *1 (M.D. Fla. Nov. 1, 2018) (noting that "[s]hotgun pleadings are routinely dismissed *sua sponte* for violation of Federal Rules of Civil Procedure 8(a)(2) and 10(b).").

First, the amended complaint remains the first type of shotgun pleading, as it contains 39 causes of action, most of which incorporate by reference a majority of the allegations related to jurisdiction, venue, each of the Defendants, and the factual allegations related to all claims.  *See* Doc. 46 ¶ 190 (incorporating paragraphs 1 through 84 into Count 26); *id.* at ¶¶ 79, 86, 91, 96, 101, 125, 128, 140, 143, 147, 155, 158, 166, 170, 174, 177, 185, 198, 202, 213, 215, 217, 221, 233, 238, 244, 252, 258, 260, 265, 271, 274 (incorporating paragraphs 1 through 78 into various causes of action), *id.* ¶¶ 106, 111, 182, 195 (incorporating paragraphs 1-59 into various counts).   This renders it entirely unclear what factual allegations Plaintiffs rely upon to support each claim.  *See Johnson Enters. of Jacksonville, Inc.*, 162 F.3d at 1333 (stating that shotgun pleadings "invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief.   The general allegations are incorporated by reference into each count of the complaint.").  *See also, e.g., Thomas v. Univ. of Miami*, No. 22-20296 CIV, 2022 WL 17400904, at *2 (S.D. Fla. Dec. 2, 2022) ("Plaintiff's complaint indiscriminately incorporates and repeats 34 paragraphs of

factual allegations into all five counts without any effort to connect or separate which of those factual allegations relate to each particular count or defendant. While there are circumstances reasonable to incorporate a set of background factual allegations and some general allegations common to each claim into every count, that is not the situation in this case . . . ."); *Turner v. Williams*, No. 3:19-cv-641-J-32PDB, 2020 WL 1904016, at *3 (M.D. Fla. Apr. 17, 2020) (finding complaint shotgun pleading where the plaintiff "incorporates all of his factual allegations into each count and fails to identify which allegations form the basis of his different causes of action"). Moreover, at least one cause of action incorporates by reference all preceding paragraphs before it. *See* Doc. No. 46 ¶ 132 (incorporating all previous allegations of the complaint into Count 10). *See also Hirsch v. Ensurety Ventures, LLC*, 805 F. App'x 987, 991 (11th Cir. 2020) ("[The] complaint tasks the reader with parsing the slew of general factual allegations about the business structure of the defendants, and their relationships with non-party call centers, in order to decipher which defendant's conduct applies to each count . . . . This is not an appropriate task for the district courts.").

Second, the amended complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See Weiland*, 792 F.3d at 1322. As the Court found with the initial complaint, the amended complaint remains "a confusing jumble of legal terms used out of context

along with unrelated, incendiary accusations," and the allegations appear to relate to state court eviction proceedings, and thus, are not properly before this Court. *See* Doc. No. 30, at 9.   *Compare* Doc. No. 1, *with* Doc. No. 46.

Third, the amended complaint alleges "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See Weiland*, 792 F.3d at 1323.   Specifically, the amended complaint attempts to group several Defendants together as follows:

> 74. The four Defendants of Employer, Prime Duval, Prime Clay, and Prime Global, when collectively, shall be referred to as "FCA Retaliatory Defendants".
>
> 75. The eight Defendants of Mr. Sessions, Khalid Muneer "Mr. Muneer"), Jupiter ("Jupiter Properties, Inc."), Employer, Prime Global, Prime Duval, Prime Clay, and FMR), when collectively, shall be referred to as "RICO-Conspiring Defendants".
>
> 76. Defendants Mr. Sessions, Mr. Muneer, Jupiter, Employer, Prime Global, FMR, Prime Clay, Mr. Stadelman, and Interval, when collectively, shall be referred to as "Deepwater Defendants".
>
> 77. Defendants Mr. Sessions, Mr. Muneer, Jupiter, Employer, Prime Global, FMR, Prime Clay, Mr. Bloom, when collectively, shall be referred to as "Island Club Defendants".

Doc. No. 46 ¶¶ 74–77.

But Plaintiffs' amended complaint does not explain each of the individual Defendants' roles within these groups, and otherwise simply lumps these Defendants together in several claims.   *See id.* at 22–65.   Moreover, several of

Plaintiffs' claims continue to group all Defendants together "without explaining what actions are attributed to which Defendants, or even how some of the Defendants are involved at all." *See* Doc. No. 30, at 9. *See also* Doc. No. 46 (Counts 3, 4, 5, 11, 12, 13, 14, 17, 21, 22, 28 alleging claims simply against "Defendants").[3]

Finally, I also note that the amended complaint fails to separate "into a different count each cause of action or claim for relief" because some of Plaintiffs' causes of action appear to include multiple legal bases for relief. *See, e.g.,* Doc. No. 46, at 27 (Count 7 alleging "Civil injuries by aggravated multi-victim identity theft federal and state, 18 USC § 1028A, § FLA. STAT. 817.568(2)(A) (2022), and referencing "18 USC § 1506, 1510, 1511, 1512, 1519, 25 CFR § 11.440, and Fla. Stat. 918.13" as well as trademark infringement and HIPAA violations), *id.* at 30 (Count 9 alleging "violation of constitutional and other applicable rights and protections"

---

[3] A review of the claims against the moving Defendants is instructive as to the problematic nature of Plaintiffs' pleading. Specifically, H. James Stadelman and Interval Title Services, Inc. are identified in Plaintiffs' amended complaint as part of the "Deepwater Defendants" group. Doc. No. 46 ¶ 76. The amended complaint appears to allege only two claims against the "Deepwater Defendants," including Counts 16 and 41. *Id.* at 40, 55. But yet these claims incorporate by reference all factual allegations pertaining to all other Defendants, and neither claim specifies either H. James Stadelman or Interval Title Services, Inc.'s roles as it relates to the alleged causes of action. *See id.* Indeed, the only allegations as to H. James Stadelman or Interval Title Services, Inc. individually in the amended complaint pertain to jurisdiction, *see id.* ¶¶ 33–34, or generally to Stadelman in his role as "founder, controlling shareholder, and registered agent of Interval Title Services, Inc." and a reference to a warranty deed, *see id.* ¶¶ 21–22. I agree with the moving Defendants that Plaintiffs' amended complaint "[makes] it impossible for the defendants to know what [Plaintiffs are] claiming, against whom, and on what grounds." *See Peavey v. Black*, 476 F. App'x 697, 699 (11th Cir. 2012).

and citing "18 U.S.C. § 3771, 31 U.S.C. § 3730(h), 18 U.S.C. Chapter 73, Fla. Const. Art. 1 Sec. 16, and the 14th Amendment").   Moreover, several of Plaintiffs' causes of action do not appear to be cognizable claims at all.   *See, e.g.*, Doc. No. 46, at 24–26 (Counts 4 and 5 alleging claims for "general pain and suffering" and "post-injurious anxiety"); *id.* at 35–36 (Count 14 alleging "personal injuries and damages due to violations of the controlled substances act"), *id.* at 46–47 (Count 29 alleging claim of "specific performance").   For all of these reasons, I will recommend that the amended complaint be dismissed as a shotgun pleading.

Because the amended complaint remains a shotgun pleading, it is unnecessary for the Court to address the moving Defendants' remaining arguments for dismissal.   *See* Doc. No. 50.   *See also Wright v. Burrows*, No. 22-21090-CIV, 2023 WL 2968181, at *3 (S.D. Fla. Apr. 17, 2023).   Moreover, although in dismissing a complaint on shotgun pleading grounds, the Court is required to *sua sponte* allow one chance to replead, *see Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018), Plaintiffs have been given that opportunity here.   *See* Doc. Nos. 30, 46.   And given that Plaintiffs have already been given an opportunity to rectify the deficiencies by amendment, these deficiencies having been specifically brought to Plaintiffs' attention, *see* Doc. No. 30, I will respectfully recommend that the matter be dismissed without further opportunity to replead.   *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (a district court does not abuse its

discretion in dismissing with prejudice a shotgun pleading if the plaintiff is given an opportunity to first remedy the defects and fails to do so); *Rodriguez*, 775 F. App'x at 602 (affirming *sua sponte* dismissal of shotgun complaint after leave to amend was once permitted because the "amended complaint still suffered from the same flaws that the [court] identified in the first pleading and warned [the plaintiff] to correct").[4]

## IV.   RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court:

1.   **GRANT** Defendants James Stadelman and Interval Title Services, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint (Doc. No. 50);

2.   **DISMISS** the amended complaint (Doc. No. 46) in entirety as a shotgun pleading and without further leave to amend;

3.   **DENY** all other pending matters, including Plaintiffs' request for Clerk's default against the non-appearing Defendants (Doc. No. 47) as moot; and thereafter

4.   **DIRECT** the Clerk of Court to close the file.

---

[4] I further note that Plaintiffs have not requested leave to replead their amended complaint.

## **NOTICE TO PARTIES**

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 30, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy