UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SYED IBRAHIM HUSSAIN, SYED
MUHAMMAD BAQIR HUSSAIN,
SYEDA SARA HUSSAIN, BRIAN
GUEX and ROSELENE GUEX,

      Plaintiffs,

v.                                        Case No. 6:22-cv-1886-CEM-LHP

H. JAMES STADELMAN,
INTERVAL TITLE SERVICES,
INC., KHALID MUNEER,
JUPITER PROPERTIES, INC.,
JERRY LADELLE SESSIONS, II,
PRIME INTERNATIONAL
PROPERTIES, LLC, PRIME
INTERNATIONAL PROPERTIES
DUVAL, LLC, PRIME
INTERNATIONAL PROPERTIES
CLAY, INC., FAMILY
MEDICINE AND REHAB, INC.,
and SYED SAJID HUSSAIN,

      Defendants.
_____/

## ORDER

    THIS CAUSE is before the Court on Defendants James Stadelman and Interval Title Services, Inc.'s Motion to Dismiss (Doc. 50). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 75), recommending that the Motion to Dismiss be granted and that the Amended

Page **1** of **6**

Complaint be dismissed as a shotgun pleading. Plaintiffs filed "Alarm-Interjected Objections" ("Objections," Doc. 78).[1]

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court previously dismissed Plaintiff's original Complaint (Doc. 1) in this action as a shotgun pleading, noting that the Complaint "f[ell] into three of the four shotgun pleading categories" and was "largely unintelligible." (Nov. 22, 2022 Order, Doc. 30, at 2, 9–10). Plaintiffs were permitted to file an amended complaint to attempt to cure the pleading deficiencies. (*Id.* at 10).

Plaintiffs' Amended Complaint (Doc. 46) suffers from the same deficiencies as the Complaint. As explained by the Magistrate Judge, "the amended complaint remains a shotgun pleading," once again falling into three of the four categories of

---

[1] Because the Court is denying the motions, it need not wait for a response from Defendants prior to ruling on the motions. *PulsePoint, Inc. v. 7657030 Can., Inc.*, No. 13-61448-CIV-Marra/Matthewman, 2013 U.S. Dist. LEXIS 191732, at *2 (S.D. Fla. Oct. 23, 2013).

shotgun pleadings. (Doc. 75 at 7–13). Plaintiffs assert eleven objections, which generally fall into two categories. (Doc. 78 at 2–13).

First, Plaintiffs disagree with the Magistrate Judge's characterization of the factual allegations in the Amended Complaint, arguing both that Plaintiffs' allegations are mischaracterized and that the Magistrate Judge should not have referred to the "facts" in the Amended Complaint as "allegations." (*Id.* at 2). Upon review, the Undersigned finds that the Magistrate Judge's characterization of Plaintiffs' pleadings to be accurate and appropriate, so this objection will be overruled.

Second, Plaintiffs object to the Magistrate Judge's recommendation that the Amended Complaint be dismissed as a shotgun pleading. For example, Plaintiffs object to the following statements in the R&R:

- "[T]he amended complaint remains the first type of shotgun pleading." (Doc. 75 at 8).

- "[T]he amended complaint is 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.'" (*Id.* at 9 (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015)).

- "[T]he amended complaint remains 'a confusing jumble of legal terms used out of context along with unrelated, incendiary accusations[.]'" (*Id.* at 9–10 (quoting Doc. 30 at 9)).

The Court has reviewed the Amended Complaint and the R&R and unreservedly agrees with the Magistrate Judge. The Amended Complaint *is* a shotgun pleading, it *is* replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action, and it *does* contain a confusing jumble of legal terms used out of context along with unrelated, incendiary accusations. Therefore, this objection will be overruled.

Finally, the Court will take the opportunity to address Plaintiffs' footnote to the Objections, which "separately requests that the assertion of 'shotgun complaint' by the magistrate be investigated for judicial misconduct in the form of discrimination against self-represented litigants . . . and also request[s] an investigation into whether the magistrate has thus committed obstruction of justice." (Doc. 78 at 2–3 n.1). As explained above, the Magistrate Judge was completely correct in her recommendation that the Court dismiss the Amended Complaint as a shotgun pleading. Such baseless accusations of discrimination by a Magistrate Judge will not be tolerated. *Ramchanndani v. Gahdhi*, No. 6:18-cv-1647-Orl-41DCI, Doc. 53, at 2 (M.D. Fla. Aug. 18, 2020). In the future, Plaintiffs may be sanctioned for such unfounded accusations.

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, and considering Plaintiffs' Objections, the Magistrate Judge's recommended disposition is accepted. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiffs' "Alarm-Interjected Objections" (Doc. 78) are **OVERRULED**.

2. The Report and Recommendation (Doc. 75) is **ADOPTED** and made a part of this Order.

3. Defendants James Stadelman and Interval Title Services, Inc.'s Motion to Dismiss (Doc. 50) is **GRANTED**.

4. Plaintiffs' Application for Entry of Defaults Against Non-Appearing Defendants (Doc. 47) is **DENIED as moot**.

5. Plaintiffs' Amended Complaint (Doc. 46) is **DISMISSED**.

6. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on June 16, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties